TERMED

# U.S. District Court Northern District of Indiana [LIVE]
# USDC Northern Indiana (Hammond)
# CRIMINAL DOCKET FOR CASE #: 2:10−cr−00109−JD−APR−23

Case title: United States of America v. Vargas et al

Date Filed: 06/17/2010
Date Terminated: 05/28/2013

Assigned to: Chief Judge Jon E
DeGuilio
Referred to: Magistrate Judge
Andrew P Rodovich



**Defendant (23)**

**Antonio C Martinez, Jr**
*TERMINATED: 05/28/2013*

represented by **Antonio C Martinez, Jr**
11909−027
PO Box 157
Watsontown, PA 17777
PRO SE

**Mark A Psimos**
Mark A Psimos Attorney at Law
9219 Broadway
Merrillville, IN 46410
219−769−6969
Fax: 219−769−3875
Email: psimoslaw@airbaud.net
*TERMINATED: 06/23/2015*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1962(d) CONSPIRACY TO
PARTICIPATE IN
RACKETEERING ACTIVITY
AND FORFEITURE
ALLEGATIONS
(1)

**Disposition**

Defendant is committed to the custody of the BOP
for a term of 84 months (REDUCED TO 60
MONTHS per Order entered 7/14/15) for each of
Counts 1, 2 and 14, to be served concurrently; and
60 months on Count 15, to be served consecutive
to all other counts. (Total of 144 months in the
BOP − REDUCED TO 120 MONTHS per Ordered
entered 7/14/15) No Fine Imposed. Upon release
from imprisonment the defendant shall be placed
on supervised release for a period of 5 years. This
period of supervision consists of 5 years for each
of Counts 1, 2 and 15, and 3 years for Count 14,
with all counts to be served concurrently.
Restitution undetermined at the time of sentencing.
Special Assessment in the amount of $400 due
immediately.

1

| | |
|---|---|
| 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE COCAINE AND MARIJUANA AND FOREFEITURE ALLEGATIONS (2) | Defendant is committed to the custody of the BOP for a term of 84 months (REDUCED TO 60 MONTHS per Order entered 7/14/15) for each of Counts 1, 2 and 14, to be served concurrently; and 60 months on Count 15, to be served consecutive to all other counts. (Total of 144 months in the BOP − REDUCED TO 120 MONTHS per Ordered entered 7/14/15) No Fine Imposed. Upon release from imprisonment the defendant shall be placed on supervised release for a period of 5 years. This period of supervision consists of 5 years for each of Counts 1, 2, and 15, and 3 years for Count 14, with all counts to be served concurrently. Restitution undetermined at the time of sentencing. Special Assessment in the amount of $400 due immediately. |
| 18:1951 INTERFERENCE WITH COMMERCE BY THREATS OR VIOLENCE AND 18:2 AIDING AND ABETTING (14) | Defendant is committed to the custody of the BOP for a term of 84 months (REDUCED TO 60 MONTHS per Order entered 7/14/15) for each of Counts 1, 2 and 14, to be served concurrently; and 60 months on Count 15, to be served consecutive to all other counts. (Total of 144 months in the BOP − REDUCED TO 120 MONTHS per Ordered entered 7/14/15) No Fine Imposed. Upon release from imprisonment the defendant shall be placed on supervised release for a period of 5 years. This period of supervision consists of 5 years for each of Counts 1, 2 and 15, and 3 years for Count 14, with all counts to be served concurrently. Restitution undetermined at the time of sentencing. Special Assessment in the amount of $400 due immediately. |
| 18:924(c)(1)(A) USE AND CARRYING OF FIREARM DURING AND IN RELATION TO CRIMES OF VIOLENCE AND DRUG TRAFFICKING AND 18:2 AIDING AND ABETTING (15) | Defendant is committed to the custody of the BOP for a term of 84 months (REDUCED TO 60 MONTHS per Order entered 7/14/15) for each of Counts 1, 2 and 14, to be served concurrently; and 60 months on Count 15, to be served consecutive to all other counts. (Total of 144 months in the BOP − REDUCED TO 120 MONTHS per Ordered entered 7/14/15) No Fine Imposed. Upon release from imprisonment the defendant shall be placed on supervised release for a period of 5 years. This period of supervision consists of 5 years for each of Counts 1, 2 and 15, and 3 years for Count 14, with all counts to be served concurrently. Restitution undetermined at the time of sentencing. Special Assessment in the amount of $400 due immediately. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **United States of America** | represented by | **David J Nozick − AUSA** |
| --- | --- | --- |

US Attorney's Office − Ham/IN
5400 Federal Plz Ste 1500
Hammond, IN 46320
219−937−5500
Fax: 219−852−2770
Email: David.Nozick@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Joseph A Cooley − AUSA**
US Attorney's Office − Ham/IN
5400 Federal Plz Ste 1500
Hammond, IN 46320
219−937−5500
Fax: 219−852−2770
Email: USAINN.ECFDeparted@usdoj.gov
*TERMINATED: 12/02/2020*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |
| 11/16/2011 | 230 | 17 | UNSEALED THIRD SUPERSEDING INDICTMENT as to Alexander Vargas (1) count(s) 1sss, 2sss, 6sss−7sss, 8sss−9sss, Sisto Bernal (2) count(s) 1sss, 2sss, 14sss, Jason Ortiz (4) count(s) 1sss, 2sss, 6sss−7sss, 8sss−9sss, 10sss, 11sss, 12sss, 13sss, Brandon Clay (5) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss−7sss, 8sss−9sss, 10sss, 11sss, 12sss, 13sss, Martin Anaya (7) count(s) 1ss, 2ss, 10ss, 11ss, Ivan Quiroz (8) count(s) 1s, 2s, 6s−7s, 8s−9s, Hiluterio Chavez (9) count(s) 1, 2, Dante Leandro Reyes (10) count(s) 1, 2, Sergio Robles (11) count(s) 1, 2, Emiliano Esparza (12) count(s) 1, 2, Paulino Salazar (13) count(s) 1, 2, Santiago Gudino (14) count(s) 1, 2, Gabriel Jalomos (15) count(s) 1, 2, Oscar Gonzalez (16) count(s) 1, 2, David Lira (17) count(s) 1, 2, Victor Meza, Jr (18) count(s) 1, 2, Antonio Gudino (19) count(s) 1, 2, Bianca Fernandez (20) count(s) 3, Serina Arambula (21) |

| | | |
|---|---|---|
| | | count(s) 3, Alex Guerrero (22) count(s) 1, 2, 14, 15, Antonio C Martinez, Jr (23) count(s) 1, 2, 14, 15. (tc) Docket text modified on 11/18/2011 to restrict name of sealed defendant #10 (klb). (Additional attachment(s) added on 4/6/2012: # 2 Unsealed Third Superseding Indictment) (tc). Modified to attach unsealed document on 4/6/2012 (tc). (Entered: 11/17/2011) |
| 11/18/2011 | | Arrest of Alex Guerrero, Antonio C Martinez, Jr (plm) (Entered: 11/18/2011) |
| 11/18/2011 | 252 | INITIAL APPEARANCE as to Alex Guerrero, Antonio C Martinez, Jr held on 11/18/2011 before Magistrate Judge Andrew P Rodovich. Govt appeared by AUSAs Joseph Cooley and David Nozick. Dfts appeared w/o Attys. B Pierpaoli and J Navarra appeared on behalf of U S Probation/Pretrial Services. Govt moves to unseal case as to all Dfts but #10. Granted. Case will be unsealed. Dfts will retain counsel. Govt moves for detention. Granted. Detention Hearing set for 11/21/2011 03:00 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. Dfts REMANDED to temporary custody of USM. (Digitally Recorded.) (plm) (Entered: 11/18/2011) |
| 11/18/2011 | | Case unsealed as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr (plm) (Entered: 11/18/2011) |
| 11/18/2011 | 257 | ARREST Warrant Returned Executed on 11/18/2011 in case as to Antonio C Martinez, Jr. (tc) (Entered: 11/21/2011) |
| 11/18/2011 | 349 | CJA 20 APPOINTMENT as to Antonio Martinez. Attorney Mark Psimos appointed to represent defendant Antonio Martinez by Magistrate Judge Andrew P Rodovich on 11/18/11. This entry made to correct the appointment to Dft Martinez. (plm) (Entered: 01/05/2012) |
| 11/21/2011 | 281 | DETENTION HEARING as to Alex Guerrero, Antonio C Martinez, Jr held on 11/21/2011 before Magistrate Judge Andrew P Rodovich. Govt appeared by AUSAs Joseph Cooley and David Nozick. Dfts appeared with attys Kevin Milner and Mark Psimos. B Pierpaoli and J Navarra appeared on behalf of U S Probation/Pretrial Services. Dft Martinez stipulates to detention−waiving hearing. Dft ORDERED held w/o bond pending trial. Dft Guerrero proceeds w/hearing. Dft proffers evidence. Argument heard. Court finds Govt has demonstrated by clear and convincing evidence Dft is a danger to community. Dft ORDERED held w/o bond pending trial. Detention Order to follow. Dft can appeal to District Court. Arraignment set for 11/30/2011 01:30 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. Dfts REMANDED to USM. (Digitally Recorded.) (plm) (Entered: 11/22/2011) |
| 11/30/2011 | 303 | ARRAIGNMENT as to Brandon Clay (5) Count 1sss,2sss,3sss,4sss,5sss,6sss−7sss,8sss−9sss,10sss,11sss,12sss,13sss and Sergio Robles (11) Count 1,2 and Santiago Gudino (14) Count 1,2 |

| | | |
|---|---|---|
| | | and Oscar Gonzalez (16) Count 1,2 and Antonio Gudino (19) Count 1,2 and Alex Guerrero (22) Count 1,2,14,15 and Antonio C Martinez Jr (23) Count 1,2,14,15 held on 11/30/2011 before Magistrate Judge Andrew P Rodovich. Govt appeared by AUSAs Joseph Cooley and David Nozick. Dfts appeared with attys Clark Holesinger, William Brown, Jr., Steven Watkins, Charles Nesbit, Kevin Milner and Mark Psimos. Dfts all waive reading of formal charges and enter a plea of not guilty. Deadlines set. Dfts REMANDED to USM. Pretrial Motions due by 1/31/2012. (Digitally Recorded.) (plm) (Entered: 11/30/2011) |
| 11/30/2011 | | Set/Reset Deadlines/Hearings as to Brandon Clay, Sergio Robles, Santiago Gudino, Oscar Gonzalez, Antonio Gudino, Alex Guerrero, Antonio C Martinez, Jr: Additional Discovery by Govt is due 12/31/2011. Jury Trial set for 3/19/2012 08:00 AM in US District Court − Hammond before Judge Rudy Lozano. Final Pretrial Conference set for 2/17/2012 01:00 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. (plm) (Entered: 11/30/2011) |
| 12/01/2011 | 306 | NOTICE OF HEARING as to Antonio C Martinez, Jr. Change of Plea Hearing set for 12/2/2011 at 09:30 AM in US District Court − Hammond before Judge Rudy Lozano. (tlr) (Entered: 12/01/2011) |
| 12/02/2011 | 307 | PLEA AGREEMENT as to Antonio C Martinez, Jr (Nozick − AUSA, David) (Entered: 12/02/2011) |
| 12/02/2011 | 311 | CHANGE OF PLEA HEARING as to Antonio C Martinez, Jr held on 12/2/2011 before Judge Rudy Lozano. Govt appeared by atty David Nozick. Deft appeared in person and by atty Mark Psimos. Troy Sabourin appeared on behalf of U S Probation/Pretrial Services. Deft Sworn and advised of rights and penalties. Plea entered by Antonio C. Martinez, Jr., Guilty as to Counts 1, 2, 14 and 15. Court accepts the plea of guilty and the dft is adjudged guilty of the charges contained in Counts 1, 2, 14 and 15, of the Third Superseding Indictment. Dft is referred to the U.S. Probation Office for the preparation of a Presentence Investigation Report. General Order distributed. Court reserves acceptance of plea agreement until the time of sentencing and pending a review of the Presentence Investigation Report. The jury trial setting as to this deft only is now vacated. Sentencing Set upon separate notice. Deft remanded to the custody of the USM pending Sentencing.(Court Reporter Kelly Fitzgerald.) (tlr) (Entered: 12/02/2011) |
| 12/02/2011 | 312 | NOTICE OF HEARING as to Antonio C Martinez, Jr. Sentencing set for 6/14/2012 at 01:00 PM in US District Court − Hammond before Judge Rudy Lozano. (tlr) (Entered: 12/02/2011) |
| 12/14/2011 | 331 | MOTION for an Order to Return to the Government the Hard Drives Containing Discovery Materials at the Conclusion of the Case by United States of America as to Hiluterio Chavez, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (Cooley, Joseph) (Entered: 12/14/2011) |

| 12/15/2011 | 333 | | ORDER granting 331 Motion for an Order to Return to the Government the Hard Drives Containing Discovery Materials at the Conclusion of the Case. Signed by Judge Rudy Lozano on 12/15/2011. (tc) (Entered: 12/15/2011) |
|---|---|---|---|
| 12/15/2011 | 334 | | ORDER granting 331 Motion for an Order to Return to the Government the Hard Drives Containing Discovery Materials at the Conclusion of the Case. Signed by Judge Rudy Lozano on 12/15/2011. (tc) (Entered: 12/16/2011) |
| 01/06/2012 | 351 | | TRANSCRIPT of Change of Plea Hearing as to Antonio C Martinez, Jr held on 12/2/2011, before Judge Rudy Lozano. Court Reporter Kelly M Fitzgerald, Telephone number 219−852−3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and the attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**

Notice of Intent to Redact due 1/18/2012. Redaction Request due 1/27/2012. Redacted Transcript Deadline set for 2/6/2012. Release of Transcript Restriction set for 4/5/2012. (tc) (Entered: 01/06/2012) |
| 01/06/2012 | 354 | | MOTION FOR EXTENSION OF TIME TO COMPLY WITH COURT'S ORDER by United States of America as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (Nozick − AUSA, David) (Entered: 01/06/2012) |
| 01/10/2012 | 355 | | ORDER granting 354 Motion for Extension of Time to Comply with Court's Order re Discovery. Govt to produce Discovery by 1/16/2012. Signed by Magistrate Judge Andrew P Rodovich on 1/10/12. (plm) |

| | | | |
|---|---|---|---|
| | | | (Entered: 01/10/2012) |
| 01/31/2012 | 373 | | MOTION for Extension of Time to File, MOTION to Continue by Santiago Gudino as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (Watkins, Steven) (Entered: 01/31/2012) |
| 02/06/2012 | 395 | | NOTE: this entry was re−docketed as docket entry 396 − see entry 396 . HEARING held on 2/6/2012 before Senior Judge Rudy Lozano on Motions to Continue Trial Date, Motions for Extension of Time to File Pre−Trial Motions and Motion Objecting to Continuance of Trial Setting as to dfts Sisto Bernal, Jason Ortiz, Brandon Clay, Martin Anaya, Ivan Quiroz, Sergio Robles, Emiliano Esparza, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula and Alex Guerrero. The dfts are represented by cnsl as follows: John R. Cantrell and Matthew N. Fech appear on behalf of dft Sisto Bernal. John R. Cantrell also appears on behalf of atty Kevin E. Milner for dft Alex Guerrero. Gojko Kasich appears for dft Jason Ortiz, Clark W. Holesinger appears for dft Brandon Clay, Adam Tavitas appears for dft Martin Anaya, Daniel E. Radakovich appears for dft Ivan Quiroz, William L. Brown, Jr. appears for dft Sergio Robles, Paul Jeffrey Schlesinger appears for dft Emiliano Esparza, Steven G. Watkins appears at the conclusion of the hearing for dft Santiago Gudino, Claudia Irma Traficante appears for dft Gabriel Jalomos, Bruce Parent appears for dft Oscar Gonzalez, David E. Vandercoy appears for dft David Lira, Carrie Castro appears for dft Victor Meza, Jr., Kurt R. Earnst appears for dft Antonio Gudino, Matthew D. Soliday appears for dft Bianca Fernandez and R. Brian Woodward appears for dft Serina Arambula. Discussion on discovery cut−off date. Discussion from both Govt cnsl and defense cnsl as to the projected length of a jury trial. Trial for the entire case estimated at 16 weeks. If more dfts continue to enter into plea agreements then realistically the Govt and defense cnsl agree that the trial may be approximately 8−12 weeks. Dfts Brandon Clay (5)(Atty Clark Holesinger) and Martin Anaya (7) (Atty Adam Tavitas) object to a trial continuance, stating reason for the trial to go forward on the March 2012 date. Govt provides argument in favor of a trial continuance. Discussion on discovery cut−off related to the new discovery coming in due to the recent plea by a co−dft. Govt requests an additional 30 days for discovery. Dfts Clay and Anaya express willingness to go to trial severed from the other dfts. All other attorneys present at this hearing are in favor or a continuance of the March 19, 2012 trial date. If this case requires more than one trial, the Court will require that dfts Clay and Anaya go to trial in the first trial. Plea Agreement deadline discussed. Pre−Trial Motions deadline discussed. Regarding the objections to the motion to continue the trial filed by attys Holesinger (Clay) and Tavitas (Anaya), the Court DENIES their motions with the right to renew with a |

| | | |
|---|---|---|
| | | memorandum including citations to legal authority. Cnsl shall have ten (10) days in which to file this memorandum. Court sets new deadlines and trial date: Trial Date: September 10, 2012 at 8:00 a.m. Discovery Deadline: 45 days from todays hearing date of February 6, 2012 (March 22, 2012). Plea agreement deadline: 60 days prior to trial (July 12, 2012). Pre−Trial Motions: 120 days outside of the trial date (May 15, 2012. A Final Pretrial Conference will be scheduled before Magistrate Judge Andrew P. Rodovich consistent with the new September 2012 trial date. A written order by the District Court will follow. (Court Reporter Kelly Fitzgerald.) (nac) Modified on 2/8/2012 to show that this entry was re−docketed as entry 396 due to a technical problem with the original entry. (nac). (Entered: 02/07/2012) |
| 02/07/2012 | 397 | ORDER: Court GRANTS the motions to continue trial and extend the deadline for filing pretrial motions re 364 , 370 , 365 , 368 , 376 , 371 , 372 , 373 , 375 , 374 , 380 , 381 and OVERRULES the objections thereto 369 , 379 . Jury Trial RESET as a primary criminal setting for 9/10/2012 08:00 AM in US District Court − Hammond before Judge Rudy Lozano as to Sisto Bernal (2), Jason Ortiz (4), Brandon Clay (5), Martin Anaya (7), Ivan Quiroz (8), Sergio Robles (11), Emiliano Esparza (12), Paulino Salazar (13), Santiago Gudino (14), Gabriel Jalomos (15), Oscar Gonzalez (16), David Lira (17), Victor Meza Jr (18), Antonio Gudino (19), Bianca Fernandez (20), Serina Arambula (21), Alex Guerrero (22). Future requests for continuance will be looked upon with great disfavor. The Government ORDERED to submit ALL required discovery by 3/22/2012. Trial counsel ORDERED to submit ALL pretrial motions due by 5/15/2012. Government shall file responses to each and every motion by 5/30/2012, and all replies shall be filed by 6/6/2012. All plea agreements are ORDERED filed by 7/12/2012; after that date this Court will only accept guilty pleas in the absence of a plea agreement. If Defendants Brandon Clay and Martin Anaya, believe this Court's order continuing the trial to be unlawful, they have leave to renew their request to be severed and tried at an earlier date within 10 days of the date of this order. Final Pretrial Conference will be held before Magistrate Andrew P. Rodovich, and will be set by separate order. Signed by Judge Rudy Lozano on 2/7/2012. (tc) (Entered: 02/08/2012) |
| 04/05/2012 | 435 | MOTION to Unseal Case by United States of America as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Sealed Defendant, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (tc) (tc). (Entered: 04/06/2012) |
| 04/06/2012 | 436 | ORDER granting 435 Motion to Unseal Case as to Alexander Vargas (1), Sisto Bernal (2), Jose Zambrano (3), Jason Ortiz (4), Brandon Clay (5), Jermaine Ellis (6), Martin Anaya (7), Ivan Quiroz (8), Hiluterio Chavez (9), Dante Leandro Reyes (10), Emiliano Esparza (12), Paulino Salazar (13), Santiago Gudino (14), Gabriel Jalomos (15), Oscar Gonzalez (16), David Lira (17), Victor Meza Jr (18), Antonio Gudino (19), Bianca Fernandez (20), Serina Arambula (21), |

| | | | |
|---|---|---|---|
| | | | Alex Guerrero (22), Antonio C Martinez Jr (23). Signed by Magistrate Judge Andrew P Rodovich on 4/6/2012. (tc) (Entered: 04/06/2012) |
| 05/21/2012 | 449 | | MOTION to Continue *Sentencing Date* by United States of America as to Antonio C Martinez, Jr. (Nozick − AUSA, David) (Entered: 05/21/2012) |
| 05/22/2012 | | | Terminate Deadlines and Hearings as to Antonio C Martinez, Jr: Final Pretrial Conference date/trial ddls VACATED as to this Dft. Dft has entered into a plea and is awaiting sentencing. (plm) (Entered: 05/22/2012) |
| 05/23/2012 | 452 | | ORDER: Court GRANTS 449 Motion to Continue Sentencing as to Antonio C Martinez Jr (23). The sentencing hearing currently set for June 14, 2012, at 1:00 p.m., is VACATED, and shall be reset upon further notice. Signed by Judge Rudy Lozano on 5/23/2012. (tc) (Entered: 05/23/2012) |
| 05/23/2012 | | | Terminate Deadlines and Hearings as to Antonio C Martinez, Jr: sentencing hearing is vacated, to be reset upon further notice. (tc) (Entered: 05/23/2012) |
| 05/31/2012 | 457 | | NOTICE OF HEARING as to Antonio C Martinez, Jr. Sentencing set for 12/11/2012 at 01:00 PM in US District Court − Hammond before Judge Rudy Lozano. USM to produce deft for hearing.(tlr) (Entered: 05/31/2012) |
| 07/12/2012 | 476 | | MOTION for Extension of Time to File *Plea Agreements* by United States of America as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Dante Leandro Reyes, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (Cooley, Joseph) (Entered: 07/12/2012) |
| 07/16/2012 | 491 | | ORDER: Court GRANTS 476 Motion for Extension of Time to File Plea Agreements as to Alexander Vargas (1), Sisto Bernal (2), Jose Zambrano (3), Jason Ortiz (4), Brandon Clay (5), Jermaine Ellis (6), Martin Anaya (7), Ivan Quiroz (8), Hiluterio Chavez (9), Dante Leandro Reyes (10), Sergio Robles (11), Emiliano Esparza (12), Paulino Salazar (13), Santiago Gudino (14), Gabriel Jalomos (15), Oscar Gonzalez (16), David Lira (17), Victor Meza Jr (18), Antonio Gudino (19), Bianca Fernandez (20), Serina Arambula (21), Alex Guerrero (22), Antonio C Martinez Jr (23). Plea Agreements due by 7/23/2012. Signed by Judge Rudy Lozano on 7/16/2012. (tc) (Entered: 07/16/2012) |
| 10/24/2012 | 592 | | DRAFT PRESENTENCE INVESTIGATION REPORT as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to the government attorney and the attorney for the applicable defendant. The judge in this case, other defendants and the general public will NOT be able to view this draft document. For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document. Parties should submit objections to |

| | | | |
|---|---|---|---|
| | | | this report *directly to the probation officer listed at the end of this docket entry*. IMPORTANT!!! Government attorneys and federal community defenders should send objections by SECURE E−MAIL to the probation officer; private attorneys and CJA panel attorneys MUST send objections by FAX ONLY! Government Objections to the Draft Presentence Investigation Report are due not later than 11/7/2012 pursuant to Rule 32 and General Order of the Court 2001−1. Defendant Objections to the Draft Presentence Investigation Report are due not later than 11/7/2012 pursuant to Rule 32 and General Order of the Court 2001−1. (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 10/24/2012) |
| 10/24/2012 | 594 | | NOTICE OF NO OBJECTION to Presentence Investigation Report by United States of America as to Antonio C Martinez, Jr re 592 (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 10/24/2012) |
| 11/06/2012 | 622 | | NOTICE OF NO OBJECTION to Presentence Investigation Report by Antonio C Martinez, Jr re 592 (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 11/16/2012) |
| 11/21/2012 | 629 | | FINAL PRESENTENCE INVESTIGATION REPORT as to Antonio C Martinez, Jr. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document. (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 11/21/2012) |
| 11/21/2012 | 630 | | ADDENDUM TO FINAL PRESENTENCE INVESTIGATION REPORT re 629 as to Antonio C Martinez, Jr. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document. (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 11/21/2012) |
| 12/05/2012 | 649 | | Letters to Judge Lozano regarding the Sentencing of Antonio Martiez Jr. (23) (tlr) (Entered: 12/06/2012) |
| 12/06/2012 | 650 | | NOTICE OF MANUAL FILING of SEALED DOCUMENT by United States of America as to Antonio C Martinez, Jr (Nozick − AUSA, David) (Entered: 12/06/2012) |
| 12/06/2012 | 651 | | MOTION to Seal by United States of America as to Antonio C Martinez, Jr. (tc) (tlr). (Entered: 12/07/2012) |
| 12/06/2012 | 652 | | |

| | | |
|---|---|---|
| | | SEALED MOTION by United States of America as to Antonio C Martinez, Jr. (tc) (tlr). (Entered: 12/07/2012) |
| 12/07/2012 | 653 | ORDER granting 651 Motion to Seal as to Antonio C Martinez Jr (23). Signed by Judge Rudy Lozano on 12/7/2012. (tc) (tlr). (Entered: 12/07/2012) |
| 12/10/2012 | | NOTICE OF VACATED HEARING as to Antonio C Martinez, Jr: Sentencing set for 12/11/2012 at 01:00 PM in US District Court is VACATED and shall be reset upon further notice. (tlr) (Entered: 12/10/2012) |
| 12/11/2012 | | Set/Reset Hearings as to Antonio C Martinez, Jr: Sentencing set for 3/21/2013 01:00 PM in US District Court − Hammond before Judge Rudy Lozano. (kjp) (Entered: 12/11/2012) |
| 01/10/2013 | 733 | **REVISED DRAFT** PRESENTENCE INVESTIGATION REPORT as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to the government attorney and the attorney for the applicable defendant. The judge in this case, other defendants and the general public will NOT be able to view this draft document. For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document. Parties should submit objections to this report ***directly to the probation officer listed at the end of this docket entry.*** IMPORTANT!!! **Government attorneys and federal community defenders should send objections by SECURE E−MAIL to the probation officer; private attorneys and CJA panel attorneys MUST send objections by FAX ONLY!** Government Objections to the Draft Presentence Investigation Report are due not later than 1/24/2013 pursuant to Rule 32 and General Order of the Court 2001−1. Defendant Objections to the Draft Presentence Investigation Report are due not later than 1/24/2013 pursuant to Rule 32 and General Order of the Court 2001−1. (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 01/10/2013) |
| 02/28/2013 | 790 | **REVISED FINAL** PRESENTENCE INVESTIGATION REPORT as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 02/28/2013) |
| 02/28/2013 | 791 | **REVISED ADDENDUM** TO FINAL PRESENTENCE INVESTIGATION REPORT re 790 as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to** |

| | | |
|---|---|---|
| | | **confirm your right to view this document.** (USPO Sabourin − troy_sabourin@innp.uscourts.gov, fax 219−852−3656) (Entered: 02/28/2013) |
| 03/13/2013 | 806 | NOTICE OF MANUAL FILING of SEALED DOCUMENT by United States of America as to Antonio C Martinez, Jr (Nozick − AUSA, David) (Entered: 03/13/2013) |
| 03/14/2013 | 813 | MOTION to Seal Document by United States of America as to Antonio C Martinez, Jr. (kjp) (tlr). (Entered: 03/15/2013) |
| 03/14/2013 | 814 | ORDER granting 813 Motion to Seal Document as to Antonio C Martinez Jr (23). Signed by Judge Rudy Lozano on 3/14/13. (kjp) (tlr). (Entered: 03/15/2013) |
| 03/14/2013 | 815 | SEALED MOTION by United States of America as to Antonio C Martinez, Jr. (kjp) (tlr). (Entered: 03/15/2013) |
| 03/14/2013 | 817 | NOTICE OF HEARING as to Antonio C Martinez, Jr. Sentencing set for 5/23/2013 01:00 PM in US District Court − Hammond before Judge Rudy Lozano. (kjp) (Entered: 03/15/2013) |
| 05/14/2013 | 910 | SENTENCING MEMORANDUM by United States of America as to Antonio C Martinez, Jr (Nozick − AUSA, David) (Entered: 05/14/2013) |
| 05/16/2013 | 915 | SENTENCING MEMORANDUM by Antonio C Martinez, Jr (Attachments: # 1 Exhibit Rebecca Adorno Ltr, # 2 Exhibit Lucio Adorno, Jr. Ltr, # 3 Exhibit Dominic Merola Ltr, # 4 Exhibit Danny Salgado Ltr, # 5 Exhibit Teresa Reyes Ltr, # 6 Exhibit Richard Caro Ltr, # 7 Exhibit Michael Martinez Ltr, # 8 Exhibit Rita Martinez Ltr, # 9 Exhibit Jocelyn Martinez Ltr, # 10 Exhibit Tykeisha Glover Ltr, # 11 Exhibit Josephine Martinez Ltr, # 12 Exhibit Antonio Martinez, Sr. Ltr, # 13 Exhibit Lauren Orona Ltr)(Psimos, Mark) (Entered: 05/16/2013) |
| 05/20/2013 | 918 | SUPPLEMENT by Antonio C Martinez, Jr (Attachments: # 1 Supplement Second letter from the Defendant's mom, Josephine Martinez)(Psimos, Mark) (Entered: 05/20/2013) |
| 05/23/2013 | 936 | SENTENCING held on 5/23/2013 for Antonio C Martinez, Jr (23) before Judge Rudy Lozano. Govt appeared by atty Joseph Cooley and atty David Nozick. Dft appeared in person and with atty Mark Psimos. Troy Sabourin appeared on behalf of U S Probation/Pretrial Services. Govt presents testimony of Special Agent Anderson. Govt's Sealed Motion is Granted and the deft is sentenced accordingly. Defendant is committed to the custody of the BOP for a term of 84 months for each of Counts 1, 2 and 14, to be served concurrently; and 60 months on Count 15, to be served consecutive to all other counts. No Fine Imposed. Upon release from imprisonment the defendant shall be placed on supervised release for a period of 5 years. This period of supervision consists of 5 years for each of Counts 1, 2 and 15, and 3 years for Count 14, with all counts to be served concurrently. Restitution undetermined at the time of sentencing. Govt is given 90 days to determine the restitution. Special Assessment in the amount of |

| | | | |
|---|---|---|---|
| | | | $400 due immediately. Defendant REMANDED to custody of US Marshal for imposition of sentence.(Court Reporter Kelly Fitzgerald.) (tlr) (Entered: 05/23/2013) |
| 05/28/2013 | 940 | 109 | JUDGMENT AND COMMITMENT ORDER as to Antonio C Martinez, Jr (23). Signed by Judge Rudy Lozano on 5/28/2013. (tlr) (Entered: 05/28/2013) |
| 12/11/2013 | 1105 | | Letter to Judge Lozano regarding Antonio Martinez, Jr. (cc: USPO for response). (tlr) (Entered: 12/11/2013) |
| 12/15/2014 | 1165 | | Letter from Elron Cathey (not a party in the case) requesting copies of pleadings re dfts Alex Guerrero and Antonio Martinez Jr (rmn) (Entered: 12/15/2014) |
| 12/18/2014 | 1169 | | ORDER: re 1165 Letter. The request is DENIED. A copy of this letter has been provided to this Courts court reporter, Kelly Fitzgerald. She will prepare an estimate of her charges for providing the requested transcripts. All future communications regarding Catheys request for transcripts should be directed to Ms. Fitzgerald. Signed by Judge Rudy Lozano on 12/18/2014. (cc: Elron Cathey) (rmn) (Entered: 12/19/2014) |
| 12/29/2014 | 1171 | | MOTION to Reduce Sentence under 18 USC 3582(c)(2) by Antonio C Martinez, Jr. (kjp) (Entered: 12/30/2014) |
| 01/22/2015 | 1172 | | ORDER taking under advisement 1171 Motion to Reduce Sentence as to Antonio C Martinez Jr (23). Signed by Judge Rudy Lozano on 1/22/15. cc: Martinez (mc) (Entered: 01/22/2015) |
| 01/27/2015 | 1177 | | SENTENCING REDUCTION ADDENDUM 18 USC 3582(c)(2) as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to appropriate court staff. (Attachments: # 1 Supplement)(USPO Reid − jonathan_reid@innp.uscourts.gov, fax 219−852−3685) Modified on 1/28/2015 to reflect who is allowed access to this document. (tlr). (Entered: 01/27/2015) |
| 01/29/2015 | 1179 | | Letter from Antonio Martinez inquiring about status of his motion. (docket sent) (mc) (Entered: 01/29/2015) |
| 06/11/2015 | 1207 | | ORDER as to Antonio C Martinez, Jr re 1171 MOTION to Reduce Sentence filed by Antonio C Martinez, Jr. The Court ORDERS the parties to file, within 20 days, any objection or other response they may have to the Courts reduction of Defendants sentence, any such order for reduction to be effective on November 1, 2015. Signed by Judge Rudy Lozano on 6/11/15. (kjp) (Entered: 06/11/2015) |
| 06/23/2015 | 1217 | | RESPONSE to Motion by United States of America as to Antonio C Martinez, Jr re 1171 MOTION to Reduce Sentence (Nozick − AUSA, David) (Entered: 06/23/2015) |
| 07/14/2015 | 1223 | 115 | ORDER REDUCING SENTENCE PURSUANT TO U.S. SENTENCING COMMISSION AMENDMENT 782 as to Antonio C Martinez, Jr (23). IT IS ORDERED that the Defendants previously imposed sentence of imprisonment of 84 months for each of Counts 1, 2 and 14, to be served concurrently, and 60 months for Count 15, to be |

| | | | |
|---|---|---|---|
| | | | served consecutively to all other counts is reduced to 60 months on Counts 1, 2 and 14, to be served concurrently, and 60 months on Count 15, to be served consecutively to all other counts. If the amount of time the Defendant has served as of November 1, 2015, exceeds the reduced sentence stated in this Order, the sentence is reduced to a "Time Served" sentence as of November 1, 2015. Signed by Judge Rudy Lozano on 7/14/15. Effective date: 11/1/15. (tlr) (Entered: 07/14/2015) |
| 07/27/2015 | 1234 | | Letter from Antonio Martinez Jr to Judge Lozano re his Motion for reduction of sentence (mc) (Entered: 07/27/2015) |
| 08/07/2015 | 1237 | | ORDER as to Antonio C Martinez, Jr re 1234 Letter: the request for a further reduction in his sentence contained in Martinez letter is DENIED. Signed by Judge Rudy Lozano on 8/7/15. cc: Martinez (mc) (Entered: 08/10/2015) |
| 08/13/2015 | 1241 | | Letter from Markus Harvell requesting copy of Memorandum Opinion of United States of America v. Alexander Vargas, Jason Ortis. (Attachments: # 1 Envelope) (rmc) (Entered: 08/17/2015) |
| 08/25/2015 | 1246 | | Letter to Markus Harvell regarding request for copy. Court unable to process previous request. (tlr) (Entered: 08/25/2015) |
| 12/02/2020 | 1505 | | MOTION to Withdraw as Attorney by Joseph A. Cooley. by United States of America as to Alexander Vargas, Sisto Bernal, Jose Zambrano, Jason Ortiz, Brandon Clay, Jermaine Ellis, Martin Anaya, Ivan Quiroz, Hiluterio Chavez, Dante Leandro Reyes, Sergio Robles, Emiliano Esparza, Paulino Salazar, Santiago Gudino, Gabriel Jalomos, Oscar Gonzalez, David Lira, Victor Meza, Jr, Antonio Gudino, Bianca Fernandez, Serina Arambula, Alex Guerrero, Antonio C Martinez, Jr. (Cooley − AUSA, Joseph) (Entered: 12/02/2020) |
| 12/02/2020 | 1506 | | ORDER granting 1505 Motion to Withdraw as Attorney. Joseph A Cooley − AUSA ORDERED WITHDRAWN from case. as to Alexander Vargas (1), Sisto Bernal (2), Jose Zambrano (3), Jason Ortiz (4), Brandon Clay (5), Jermaine Ellis (6), Martin Anaya (7), Ivan Quiroz (8), Hiluterio Chavez (9), Dante Leandro Reyes (10), Sergio Robles (11), Santiago Gudino (14), Gabriel Jalomos (15), David Lira (17), Victor Meza Jr (18), Antonio Gudino (19), Bianca Fernandez (20), Serina Arambula (21), Alex Guerrero (22), Antonio C Martinez Jr (23). Text entry order. By Magistrate Judge Andrew P Rodovich on 12/2/2020. (smb) (Entered: 12/02/2020) |
| 12/22/2020 | 1509 | | ORDER as to Antonio C Martinez, Jr (23): In consideration of the speedy administration of justice, and pursuant to N.D. Ind. L.R. 40−1(f)(1), this cause of action is reassigned from the docket of the late Judge Rudy Lozano to Chief Judge Jon E. DeGuilio. Signed by Chief Judge Jon E. DeGuilio on 12/22/2020 (jss) (Entered: 12/22/2020) |
| 05/28/2021 | 1586 | | ORDER as to Emiliano Esparza: The Court STRIKES the Order at 1585 entered in error. Parties are to refer to Order entered at 1584 . Text entry order. By Magistrate Judge John E Martin on 5/28/2021. (smb) (Entered: 05/28/2021) |

| 07/19/2021 | <u>1611</u> | | PROBATION FILING as to **Antonio C Martinez, Jr**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (calexander, ) (Entered: 07/19/2021) |
| 07/19/2021 | <u>1612</u> | | ORDER ON TRANSFER OF JURISDICTION as to Antonio C Martinez, Jr., to the Northern District of Illinois. Signed by Chief Judge Jon E DeGuilio on 7/19/2021. (shk) (Entered: 07/20/2021) |
| 07/20/2021 | <u>1613</u> | | Letter to USDC Northern District of Illinois on Transfer of Jurisdiction of Antonio C Martinez, Jr re <u>1612</u> . (shk) (Entered: 07/20/2021) |
| 07/26/2021 | <u>1614</u> | 16 | Jurisdiction Transferred to USDC for the Northern District of Illinois as to Antonio C Martinez, Jr. (nal) (Entered: 07/26/2021) |

Case 2:10-cr-00109-JD-APR   Document 1614   Filed 07/26/21   Page 1 of 1

| PROB 22<br>(Rev. 09/12) | **JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>2:10CR109- 023 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Antonio C Martin | Northern Indiana | Hammond |
| | NAME OF SENTENCING JUDGE | |
| | Rudy Lozano | |
| | DATES OF SUPERVISION | FROM<br>12/11/2020 | TO<br>12/10/2025 |

21cr-453
Judge Steven C. Seeger
Magistrate Judge Cox

**OFFENSE**

CONSPIRACY TO PARTICIPATE IN RACKETEERING ACTIVITY

CONSPIRACY TO POSSESS W/INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE AND 1000 KILOGRAMS OR MORE OF MARIJUANA

INTERFERENCE WITH COMMERCE BY THREATS OR VIOLENCE

USE OF FIREARM IN FURTHERANCE OF CRIMES OF VIOLENCE AND DRUG TRAFFICKING

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

   **IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. §3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's Order of Acceptance of Jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| July 19, 2021 | /s/JON E. DEGUILIO |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted at the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS__

 **IT IS HEREBY ORDERED** that jurisdiction over the above-named probation or supervised releasee be accepted and assumed by this Court from and after the entry of this Order.

| July 20, 2021 | *Rebecca R. Pallmeyer* |
|---|---|
| *Effective Date* | *United States District Judge* |

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2011 NOV 16  PM 3: 45

FS&DC          DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CAUSE NO. 2:10 CR 109 |
| | ) |
| ALEXANDER VARGAS, | ) 18 U.S.C. § 1962(d) |
|   a/k/a "Pacman," | ) 21 U.S.C. § 846 |
| SISTO BERNAL, | ) 18 U.S.C. § 1959(a)(5) |
|   a/k/a "Cisco," "Suge," | ) 18 U.S.C. § 1959(a)(1) |
| JASON ORTIZ, | ) 18 U.S.C. § 924(j) |
|   a/k/a "Creeper," | ) 18 U.S.C. § 922(g) |
| BRANDON CLAY, | ) 18 U.S.C. § 922(j) |
|   a/k/a "Cheddar," "Cheddar Boy," | ) 18 U.S.C. § 1951 |
|   "Swiss," "Slick," | ) 18 U.S.C. § 924(c) |
| MARTIN ANAYA, | ) 18 U.S.C. § 2 |
|   a/k/a "Lefty," | ) |
| IVAN QUIROZ, | ) |
|   a/k/a "Captain Kirk," | ) |
| HILUTERIO CHAVEZ, | ) |
|   a/k/a "Tails," "Zeus," | ) |
| ████████████ | ) |
| | ) |
| SERGIO ROBLES, | ) |
|   a/k/a "Checko," | ) |
| EMILIANO ESPARZA, | ) |
|   a/k/a "Ken Milleano," "Kent," | ) |
|   "Double G," | ) |
| PAULINO SALAZAR, | ) |
|   a/k/a "Chino," | ) |
| SANTIAGO GUDINO, | ) |
|   a/k/a "Creeper," | ) |
| GABRIEL JALOMOS, | ) |
|   a/k/a "Sneaky," | ) |
| OSCAR GONZALEZ, | ) |
|   a/k/a "Puppet," | ) |
| DAVID LIRA, | ) |
|   a/k/a "Flaco," | ) |
| VICTOR MEZA, JR., | ) |
|   a/k/a "Shadow," | ) |
| ANTONIO GUDINO, | ) |
|   a/k/a "Chronic," | ) |
| BIANCA FERNANDEZ, | ) |

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 2 of 46

| | |
|---|---|
| SERINA ARAMBULA, | ) |
| ALEX GUERRERO, and | ) |
| ANTONIO C. MARTINEZ, JR. | ) |
| | ) |
| Defendants. | ) |

### THIRD SUPERSEDING INDICMENT

### COUNT ONE

### (Conspiracy to Participate in Racketeering Activity)

The Grand Jury Charges:

### Introduction

1.      At various times relevant to this Third Superseding Indictment, the following

defendants, and others known and unknown, were members of the "Almighty LATIN KING and

Queen Nation" gang (hereinafter the "LATIN KINGS"), a criminal organization whose members

and associates engaged in acts of violence, including murder, attempted murder, assault with a

dangerous weapon, and narcotics distribution, and which operated in the Northwest Indiana area,

the Northern District of Indiana, Hammond Division, and elsewhere:  ALEXANDER

VARGAS, a/k/a "Pacman," SISTO BERNAL, a/k/a "Cisco," "Suge," JASON ORTIZ,

a/k/a "Creeper," BRANDON CLAY, a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"

MARTIN ANAYA, a/k/a  "Lefty," IVAN QUIROZ, a/k/a Captain Kirk," HILUTERIO

CHAVEZ, a/k/a "Tails," "Zeus," ████████████████ SERGIO

ROBLES, a/k/a "Checko," EMILIANO ESPARZA, a/k/a "Ken Milleano," "Kent,"

"Double G," PAULINO SALAZAR, a/k/a "Chino," SANTIAGO GUDINO, a/k/a

"Creeper," GABRIEL JALOMOS, a/k/a "Sneaky," OSCAR GONZALEZ, a/k/a "Puppet,"

DAVID LIRA, a/k/a "Flaco," VICTOR MEZA, JR., a/k/a "Shadow," ANTONIO

GUDINO, a/k/a "Chronic," ALEX GUERRERO, and ANTONIO C. MARTINEZ, JR.

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 19 of 71 PageID #:20
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 19 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 3 of 46

## Structure of the Enterprise

2.      The structure of the LATIN KINGS included, but was not limited to, the following:

a.              The LATIN KINGS were a violent street gang with thousands of members across the United States and overseas.

b.              The traditional power centers of the LATIN KINGS, and members of the gang's national leadership structure, were predominantly located in the Chicago (known as "KMC" or the "Motherland") and New York (referred to as the "Bloodline") metropolitan areas.

c.              The LATIN KINGS had a detailed and uniform organizational structure, which is outlined – along with various "prayers," codes of behavior, and rituals – in a written "manifesto" widely distributed to members throughout the country, including, but not limited to, Texas.

d.              The Chicago area LATIN KINGS is divided by the North and South Sides of Chicago, each lead by the "Corona," the highest ranking LATIN KING member. Both Coronas would report to the overall LATIN KING leader, currently incarcerated and serving a life sentence in a federal prison. The LATIN KINGS were further organized by geographic locations into "Regions." Generally, each Region had a rank structure that included a "Regional Officer" or "Regional Inca," one or more "Regional Enforcers," and a "Regional Treasurer." The Regional Officer was the highest authority within the Region. Regional Enforcers served to support the Regional Officer, and enforce discipline and adherence by gang members of established LATIN KING rules and by-laws. The Regional Officers reported to an individual known as the "Supreme Regional Officer," who was sometimes known as the "Supreme Regional Inca."

3

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 20 of 71 PageID #:21
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 20 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 4 of 46

e. The Supreme Regional Officer was the second highest ranking LATIN KING on the South Side of Chicago. In turn, the Supreme Regional Officer reported to the "Corona," the highest ranking LATIN KING gang member on the South side of the Chicago area.

f. Each Region was comprised of "Branches," "Chapters," or "Sections," hereinafter referred to as "Chapters." Each chapter was typically named after a street or streets that ran through the chapter. In the case of larger regions, such as the LATIN KINGS in the State of Texas, the chapter would be named after the town where the chapter was located. Each chapter had its own rank structure, a leader or "Inca," a second in command or "Casique," an "Enforcer," a "Treasurer" and "Crown Council" members, all of whom were in charge of the non-ranking gang members or "Soldiers" within the chapter. Each chapter's membership of Soldiers numbered on the average approximately 30 individuals.

g. There were several Regions of LATIN KINGS operating throughout the Chicago, Suburban and Northwest Indiana areas. One such Region was known as the Southeast Chicago Region, which included parts of Chicago's South and East side, Chicago South Suburban, as well as the Hammond, Gary, and East Chicago Indiana areas.

h. The Southeast Chicago Region of the LATIN KINGS contained numerous Chapters, all of whom answered to the Regional officers. The Chapters under the Southeast Chicago Region of the LATIN KINGS included, but not limited to: 149th (Hammond, Indiana) Gary, Indiana, 82nd Street, Bush, 89th Street, 97th Street, 99th Street, 104th Street, Roseland, Pullman, Blue Island, and Chicago Heights Chapters.

i. The LATIN KINGS in the State of Texas was divided into Four Regions. The Regions of the LATIN KINGS within the State of Texas included South, West,

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 21 of 71 PageID #:22
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 21 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 5 of 46

Central, and North. Each Region in the State of Texas was comprised of several chapters. In addition to the typical Regional and Chapter positions described above the LATIN KINGS in the State of Texas had state-wide positions of Counsel Members, Enforcer, Treasurer, and Representative. The State Representative of Texas was responsible for communicating with the "Motherland" (Chicago).

        j.        LATIN KINGS leaders had the authority within the gang to order "missions," and mete out punishment. A "mission" was an assignment given to a subordinate LATIN KING member that would serve a purpose for the LATIN KING nation. The "missions" could range from a leader ordering a "B.O.S." (beat down on sight), meaning the assault of a rival gang member or a LATIN KING member who had committed a violation of the LATIN KING rules, to a "green light" or "K.O.S." (kill on sight), meaning the murder of a rival gang member or of a LATIN KING member who may have committed an egregious violation of the gang's rules. Failure to perform a "mission" resulted in the assigned member being in violation of the rules. Punishment for failing to complete the "mission" could range anywhere from a beating to death.

        k.        Members of the LATIN KINGS greeted each other, and showed their membership in the gang, using a set of hand-gang signs, each intended to evoke the shape of a crown. In addition, LATIN KINGS often greeted one another, demonstrated their allegiance to the gang, or simply announced their arrival or presence in a particular area, by exclaiming "ADR" or "Amor De Rey," which meant "King's Love" in Spanish. Other phrases unique to the LATIN KING lexicon included "360," "ALKN," "ALKQN," "Crown," "Lion," "Lion Tribe," "Motherland," "KMC," "Kingism," and "Bloodline." The LATIN KINGS employed a robust symbology as well, often using depictions of five-pointed crowns, lions, and Inca or Aztec-

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 22 of 71 PageID #:23
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 22 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 6 of 46

inspired artwork to demonstrate their affiliation. Members often had tattoos incorporating one or more of the aforementioned phrases or symbols, the crown and the lion being the most prominent. The gang also incorporated these phrases and symbols into graffiti, which they used to mark their territory or announce their presence in a particular area. The colors associated with the LATIN KINGS were black and gold, and members of the LATIN KINGS often demonstrated their affiliation with the LATIN KINGS by wearing clothing containing the colors black and gold, or incorporating some of the gang's other symbols or phrases.

### The Racketeering Enterprise

3.      The LATIN KINGS, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.      The purposes of the enterprise included, but were not limited to, the following:

a.      Enriching the leaders, members, and associates of the enterprise through, among other things, the illegal trafficking of controlled substances.

b.      Preserving and protecting the power, territory, operations, and proceeds of the enterprise through the use of threats, intimidation, violence, and destruction including, but not limited to, acts of murder, attempted murder, assault with a dangerous weapon, kidnapping, robbery, extortion, and other acts of violence.

6

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 23 of 71 PageID #:24
USDC IN/ND case 2:10-cr-00109-JD-APR document 1615 filed 07/26/21 page 23 of 71

Case 2:10-cr-00109-JD-APR Document 230 (Court only) Filed 11/16/11 Page 7 of 46

      c.          Promoting and enhancing the enterprise and its members' and associates' activities.

      d.          Keeping victims in fear of the enterprise and in fear of its leaders, members, and associates through threats of violence and violence. The leaders, members, and associates of the enterprise undertook all steps necessary to prevent the detection of their criminal activities, and sought to prevent and resolve the imposition of any criminal liabilities upon their leaders, members, and associates, by the use of murder, violence, and intimidation directed against witnesses, victims, and others. As part of this practice, the enterprise enforced what it referred to as an "SOS" or shoot on sight order, or also known as "KOS" or, kill on sight, sometimes known as "green light," against LATIN KING members who were suspected of having cooperated with law enforcement.

      e.          Providing support to gang members who were charged with, or incarcerated for, gang-related activities.

### The Racketeering Conspiracy

5.     Beginning on a date unknown to the Grand Jury, but at least as of in or about August 1989, and continuing through on or about the date of this Third Superseding Indictment, in the Northern District of Indiana and elsewhere, the defendants,

**ALEXANDER VARGAS**
**a/k/a "Pacman,"**
**SISTO BERNAL,**
**a/k/a "Cisco," "Suge,"**
**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**
**MARTIN ANAYA**
**a/k/a "Lefty,"**
**IVAN QUIROZ,**
**a/k/a "Captain Kirk,"**

7

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 8 of 46

HILUTERIO CHAVEZ,
a/k/a "Tails," "Zeus,"

███████

SERGIO ROBLES,
a/k/a "Checko,"
EMILIANO ESPARZA,
a/k/a "Ken Milleano," "Kent," "Double G,"
PAULINO SALAZAR,
a/k/a "Chino,"
SANTIAGO GUDINO,
a/k/a "Creeper,"
GABRIEL JALOMOS,
a/k/a "Sneaky,"
OSCAR GONZALEZ,
a/k/a "Puppet,"
DAVID LIRA,
a/k/a "Flaco,"
VICTOR MEZA, JR.,
a/k/a "Shadow,"
ANTONIO GUDINO,
a/k/a "Chronic,"
ALEX GUERRERO, and
ANTONIO C. MARTINEZ, JR.,

each being a person employed by and associated with the LATIN KINGS, an enterprise engaged

in, and the activities of which affected, interstate and foreign commerce, together with JOSE

ZAMBRANO, a/k/a "Speedy," a/k/a "Bird," a/k/a "Big Greasy," JERMAINE ELLIS, a/k/a "J-

Dub," a/k/a "Donnie Brasco," a/k/a "Shorty," and others known and unknown to the Grand Jury,

did knowingly and intentionally conspire to conduct and participate, directly and indirectly, in

the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in

Sections 1961(1) and (5) of Title 18, United States Code,  consisting of multiple acts involving

murder in violations of Illinois Statute Chapter 720 Section 5/9-1 and Indiana Code 35-42-1-1,

35-4-2-4, and 35-50-2-9, and multiple acts involving robbery in violation of Illinois Statute

Chapter 720 Section 5/18-5 and Indiana Code 35-42-5-1, and multiple acts indictable under Title

18 United States Code Section 1951 (robbery affecting interstate commerce); and 18 United

8

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 25 of 71 PageID #:26
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 25 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 9 of 46

States Code Section 1952 (interstate and foreign travel in aid of racketeering); and multiple acts

involving narcotics trafficking in violations of 21 United States Code Sections 841(a)(1)

(distribution and possession with the intent to distribute a controlled substance) and Section 846

(conspiracy to distribute and possess with the intent to distribute a controlled substance). It was

part of this conspiracy that each defendant agreed that a conspirator would commit at least two

acts of racketeering in the conduct of the affairs of the enterprise.

### Manner and Means of the Conspiracy

6.      Each defendant agreed to facilitate a scheme that included the operation and

management of the enterprise by a conspirator. Members of the enterprise and their associates

operated and conducted their affairs through a series of laws and policies, some of which were

codified in a constitution and a series of laws.

a.      The members of the enterprise and their associates attended regular

meetings, known as "demos" at which they discussed, planned, and otherwise engaged in

criminal activity, including murder, attempted murder, narcotics distribution, and obstruction of

justice.

b.      Members of the enterprise and their associates initiated members

through the practice of causing them to endure physical assaults conducted by members of the

enterprise at various gang-related gatherings.

c.      To enforce discipline and the rules of the enterprise, members of

the enterprise and their associates engaged in a system of "violations," in which the defendants

and others attempted to murder, conspired to murder, and physically beat and threatened those

members of the enterprise who violated rules, questioned authority, or posed a threat to the

leaders or purposes of the enterprise.

9

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 26 of 71 PageID #:27
USDC IN/ND case 2:10-cr-00109-JD-APR document 1615 filed 07/26/21 page 26 of 71

Case 2:10-cr-00109-JD-APR Document 230 (Court only) Filed 11/16/11 Page 10 of 46

d.          Members of the enterprise and their associates employed and used gang-related terminology, symbols, gestures, and color schemes.

e.          To perpetuate the enterprise and to maintain and extend their power, members of the enterprise and their associates committed illegal acts known as "burns," including murder, attempted murder, aggravated battery, intimidation, and assault against individuals who posed a threat to the enterprise or jeopardized its operations, including rival gang members and witnesses to the illegal activities of the enterprise. Pursuant to gang policy, members of the enterprise and their associates were required to participate in such "burns," received standing orders to shoot rival gang members, and were instructed to retaliate for gang-related attacks upon the members and associates of the enterprise.

f.          Members of the enterprise and their associates managed the procurement, transfer, use, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect gang-related territory, personnel, and operations, and to deter, eliminate, and retaliate against competitors and other rival criminal organizations and persons.

g.          Members of the enterprise and their associates monitored law enforcement radio frequencies, and acquired radio equipment and monitors to do so, in order to detect and avoid law enforcement inquiry into their activities, including during gang-related missions.

h.          Members of the enterprise and their associates were required to stand guard, or "post-up" in the neighborhoods controlled by the enterprise. As part of "posting-up," the members of the enterprise and their associates would flash gang signs and/or yell gang slogans to demonstrate their control of the neighborhood.

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 11 of 46

      i.       Members of the enterprise and their associates earned money for their members and regularly financed their activities through funds obtained in the illegal trafficking of controlled substances, including the distribution and possession with intent to distribute cocaine and marijuana.

      j.       Members of the enterprise and their associates operated and conducted their affairs, in part, through a "Box" system in which the Chapter and Region leadership of the LATIN KINGS and others, possessed, controlled, and otherwise maintained a monetary stash on behalf of the enterprise.  As part of this practice, the members of the enterprise and their associates paid requisite monthly dues into the Box or "Caja" which, in turn, the enterprise used to bail gang members out of jail, to send money to incarcerated gang members, and to purchase and sell firearms and controlled substances.  At times, the members of the enterprise and their associates paid money into the "Box" by selling narcotics supplied by members of the gang.

      k.       Members of the enterprise and their associates hid, misrepresented, concealed, and caused to be misrepresented, concealed, and hidden, the objectives of acts done in furtherance of the conspiracy, and used coded language and other means to avoid detection and apprehension by law enforcement authorities.

      l.       Members of the enterprise recruited and used juveniles to commit acts for the benefit of the enterprise.

### Overt Acts

7.    In furtherance of the conspiracy and to achieve the objects thereof, the conspirators performed or caused to be performed the following overt acts, among others, in the Northern District of Indiana and elsewhere:

11

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 28 of 71 PageID #:29
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 28 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 12 of 46

a.          Beginning on a date unknown to the Grand Jury, but at least as of in or about May 1989, and continuing through on or about the date of this Third Superseding Indictment, **SISTO BERNAL, ALEXANDER VARGAS, JASON ORTIZ, BRANDON CLAY, MARTIN ANAYA, IVAN QUIROZ, HILUTERIO CHAVEZ,** ████████, **SERGIO ROBLES, EMILIANO ESPARZA, PAULINO SALAZAR, SANTIAGO GUDINO, GABRIEL JALOMOS, OSCAR GONZALEZ, DAVID LIRA, VICTOR MEZA, JR., ANTONIO GUDINO, ALEX GUERRERO, ANTONIO C. MARTINEZ, JR.,** and other members or associates of the LATIN KINGS caused to be distributed cocaine and marijuana.

b.          On or about May 4, 1989, **SISTO BERNAL** possessed a quantity of cocaine.

c.          On or about August 7, 1989, **MARTIN ANAYA** and other LATIN KING members beat another person with a baseball bat (beat down) due to that person's desire to leave the LATIN KINGS.

d.          On or about October 3, 1991, **MARTIN ANAYA** possessed a firearm.

e.          On or about January 27, 1992, **EMILIANO ESPARZA** possessed a firearm.

f.          On September 25, 1993, **MARTIN ANAYA** possessed a firearm.

g.          On or about August 21, 1994, **ALEXANDER VARGAS** possessed a quantity of cocaine.

h.          On or about June 6, 1995, **ALEXANDER VARGAS** possessed a firearm.

12

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 13 of 46

    i.    On or about June 15, 1995, **SISTO BERNAL** and **EMILIANO ESPARZA** flashed gang signs and intimidated pedestrians.

    j.    On or about June 26, 1996, **HILUTERIO CHAVEZ** possessed a quantity of cocaine, marijuana, and a firearm.

    k.    ██████████████████

██████████████████

    l.    On or about August 25, 2000, **PAULINO SALAZAR** possessed a firearm.

    m.    On or about September 14, 2000, **ALEXANDER VARGAS** possessed a firearm.

    n.    On or about December 20, 2001, LATIN KING members murdered Ricardo Cabrales, whom the LATIN KING members believed to be a Latin Dragons gang member, in Chicago, Illinois

    o.    On or about November 25, 2002, **SANTIAGO GUDINO, ANTONIO GUDINO**, and three other LATIN KING members or associates traveled together in two vehicles toward East Chicago, Indiana, within hours after a LATIN KING member was shot and killed in East Chicago, Indiana. Each vehicle contained a loaded firearm, and one vehicle contained additional ammunition.

    p.    On or about November 29, 2002, **EMILIANO ESPARZA** possessed a firearm and a quantity of marijuana.

    q.    On or about May 26, 2003, **ALEXANDER VARGAS** possessed a firearm.

13

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 30 of 71 PageID #:31
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 30 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 14 of 46

r.        On or about July 12, 2003, **SANTIAGO GUDINO, SERGIO ROBLES** and other LATIN KING members murdered Mark Balnius, whom the LATIN KING members believed to be a rival gang member, in Chicago, Illinois

s.        On or about July 13, 2003, LATIN KING members murdered Kenneth Lawson, whom the LATIN KING members believed to be a rival gang member, in Chicago, Illinois.

t.        On or about October 28, 2003, LATIN KING members murdered Greg Washington, whom the LATIN KING members believed to be a rival gang member, in Chicago, Illinois.

u.        On or about December 6, 2003, **SISTO BERNAL, SANTIAGO GUDINO, SERGIO ROBLES, GABRIEL JALOMOS** and other LATIN KING members caused Jonathan Zimmerman to be transported from Chicago, Illinois, to Hammond, Indiana and then murdered him in retaliation for using counterfeit United States currency to purchase narcotics.

v.        In or about 2004 to in or about 2006, **ALEX GUERRERO, ANTONIO C. MARTINEZ, SISTO BERNAL** and another individual travelled from Chicago, Illinois to a warehouse in the vicinity of Rockford, Illinois that was being used to store marijuana. **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** drove to this warehouse in their Chicago Police Department-issued vehicle, wearing their Chicago Police Department badges and firearms. At **BERNAL's** direction, **GUERRERO** and **MARTINEZ** forcibly broke into the warehouse and stole a large quantity of marijuana. **GUERRERO** and **MARTINEZ** turned this marijuana over to **BERNAL** and were paid approximately $2,000 each for committing this armed burglary.

14

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 31 of 71 PageID #:32
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 31 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 15 of 46

w.          In or about 2004 to in or about 2006, **SISTO BERNAL** directed **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** to make a traffic stop on a female who was transporting marijuana from Mexico to Chicago, Illinois. **GUERRERO** and **MARTINEZ** made this traffic stop under the guise of a legitimate police investigation, and were driving their unmarked Chicago Police Department vehicle and were wearing their Chicago Police Department badges and firearms at the time. **GUERRERO** and **MARTINEZ** released the female driver of the vehicle and kept her minivan. After they located approximately 90-100 pounds of marijuana in the minivan, they turned it over to **BERNAL**.

x.          In or about 2004 to in or about 2006, **SISTO BERNAL** directed **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** to go to the residence of a drug trafficker in East Chicago, Indiana. **GUERRERO** and **MARTINEZ** went to this residence under the guise of a legitimate police investigation, and wore their Chicago Police Department badges and firearms at the time. While in the residence they stole approximately $20,000-$25,000 of drug money and turned it over to **BERNAL**, who paid them approximately $3,000-$4,000 for committing the armed robbery.

y.          In or about 2004 to in or about 2006, **SISTO BERNAL** directed **ALEX GUERRERO, ANTONIO C. MARTINEZ** and **HILUTERIO CHAVEZ** to go to the residence of a drug trafficker in the vicinity of South Massasoit Avenue in Chicago, Illinois. **GUERRERO** and **MARTINEZ** went to this residence under the guise of a legitimate police investigation, and were wearing their Chicago Police Department badges and firearms at the time. **GUERRERO, MARTINEZ** and **CHAVEZ** took between $30,000 and $40,000 of drug money from the residence, and turned it over to **BERNAL**. During the course of the robbery **CHAVEZ** purported to be a Chicago Police Department officer and handcuffed an individual

15

inside the residence.  **BERNAL** paid **GUERRERO, MARTINEZ** and **CHAVEZ** approximately $5,000 to $6,000 each for committing this armed robbery.

z.          In or about 2004 to in or about 2006, **SISTO** directed **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** to do a traffic stop on **BERNAL** and another drug trafficker's vehicle in Chicago, Illinois while **BERNAL** was purporting to purchase cocaine from this drug trafficker.  **GUERRERO** and **MARTINEZ** did this traffic stop under the guise of a legitimate police investigation, and were driving their Chicago Police Department undercover vehicle and wearing their badges and firearms at the time.  **GUERRERO** and **MARTINEZ** seized a large quantity of cocaine from the drug trafficker and released him.  They then turned this cocaine over to **BERNAL**.

aa.          ████████████████████████████
████████████████████████████████████████
████████████████████████████████████

bb.          On or about November 9, 2004, **SISTO BERNAL** had a telephone conversation with a LATIN KING member discussing the Texas LATIN KING hierarchy and other topics related to the enterprise.

cc.          On or about February 28, 2005, to on or about March 1, 2005, members of the LATIN KINGS from the Southeast Chicago Region kidnapped an individual who they believed to be involved in drug trafficking and took him against his will from Chicago, Illinois to a residence in Hammond, Indiana and then to another residence in Gary, Indiana. During the course of this interstate kidnapping **GABRIEL JALAMOS** stood watch over the kidnapping victim while the other members of the LATIN KINGS attempted to collect a ransom and/or drug debt from the victim's associates.

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 33 of 71 PageID #:34
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 33 of 71

. Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 17 of 46

dd.        On or about April 20, 2005, **PAULINO SALAZAR** possessed a firearm.

ee.        On or about May 28, 2005, **SISTO BERNAL, ALEXANDER VARGAS, HILUTARIO CHAVEZ** and other LATIN KING members traveled from the Chicago/Northwest Indiana area to Willis, Texas to meet with ██████████████████ ██████ Texas LATIN KING hierarchy.

ff.        On or about May 29, 2005, at a meeting in Willis, Texas, **SISTO BERNAL** threatened ████████████████████ ██ Texas LATIN KING leadership that they would be "smashed" if they did not comply with the rules issued by LATIN KINGS from the Chicago area.

gg.        On or about May 29, 2005, **ALEXANDER VARGAS** instructed ████████████████████████ Texas LATIN KING leadership on methods and practices to avoid detection and prosecution from law enforcement for criminal violations.

hh.        On or about May 29, 2005, **SISTO BERNAL** ██████ ████████████████████████ designated the Texas LATIN KING State Enforcer as the Texas LATIN KING REPRESENTATIVE, the person who would communicate between Texas and the Chicago LATIN KING hierarchy.

ii.        On or about July 12, 2005, **HILUTERIO CHAVEZ**, a female associate, and a small child, traveled from the Chicago area to Big Spring, Texas. The purpose of the trip was for **CHAVEZ** to acquire firearms from the Texas LATIN KING REPRESENTATIVE. **CHAVEZ** intended to transport these firearms back to Chicago and distribute these firearms to other LATIN KINGS.

jj.        On or about July 20, 2005, **JASON ORTIZ** possessed a firearm.

kk.        In or about October of 2005, **SISTO BERNAL, VICTOR MEZA, JR.,** a LATIN KING member and associate possessed a large quantity of controlled substances.

ll.        In or about October of 2005, **SISTO BERNAL** directed **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** to go to a residence on Harrison Avenue in Hammond, Indiana, to take money and controlled substances from a LATIN KING member. BERNAL had previously told that LATIN KING member that he had stolen a large quantity of marijuana and a quantity of cocaine from **BERNAL. GUERRERO** and **MARTINEZ** went to this residence under the guise of a legitimate police investigation, wearing their Chicago Police Department badges and firearms. While in the residence, **GUERRERO** and **MARTINEZ** took a Glock 9mm pistol and a Glock .357 pistol which were legally purchased and possessed by one of the residents and turned these pistols over to **BERNAL.**

mm.        From in or about the late fall of 2005 and prior to February of 2006, **ALEXANDER VARGAS, SISTO BERNAL,** and other LATIN KING members possessed and distributed in excess of 150 kilograms of cocaine

nn.        On or about January 12, 2006, **BRANDON CLAY** possessed a firearm.

oo.        In or about 2006, **ALEXANDER VARGAS**, as Regional Inca, attended a 99th Street Chapter meeting, during which time he complained that the "soldiers" were not "posting up" (conducting armed patrols) in their neighborhood.

pp.        On or about September 17, 2006, **BRANDON CLAY** and other LATIN KING members engaged in a street fight with rival gang members.

18

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 35 of 71 PageID #:36
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 35 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 19 of 46

qq.        On or about November 26, 2006, **BRANDON CLAY** and two other LATIN KING members, with the assistance of two female associates, caused Edward Delatorre and another person, both of whom the LATIN KING members believed to be Latin Dragons gang members, to be shot, killing Delatorre, in Chicago, Illinois.

rr.        On or about December 2, 2006, **ALEXANDER VARGAS** attempted to have other LATIN KING members shoot at persons who were attending the funeral of Edward Delatorre.

ss.        On or about December 2, 2006, **ALEXANDER VARGAS** conducted a meeting where he directed **IVAN QUIROZ, HILUTERIO CHAVEZ,** and other LATIN KING members, all "Enforcers" for the Southeast Region, to increase their efforts in targeting for murder the leadership of the Latin Dragons gang in retaliation for the October 2, 2006, murder of **ALEXANDER VARGAS'** younger brother, Jose Vargas. During this meeting, **ALEXANDER VARGAS** indicated that the homicide of Edward Delatorre was an inadequate retaliation for the death of Jose Vargas.

tt.        On or about December 5, 2006, to on or about December 24, 2006, **SISTO BERNAL** directed **ALEX GUERRERO** and **ANTONIO C. MARTINEZ** to go to the residence of James Walsh, a Latin Dragon, in Hammond, Indiana. **GUERRERO** and **MARTINEZ** went to this residence under the guise of a legitimate police investigation, while armed and wearing their Chicago Police Department badges. **GUERRERO** and **MARTINEZ** took narcotics, firearms and United States currency from the residence and turned it over to **BERNAL.**

uu.        From on or about January 2007, until February 25, 2007, **SERGIO ROBLES, PAULINO SALAZAR, HILUTERIO CHAVEZ,** and another LATIN KING

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 36 of 71 PageID #:37
USDC IN/ND case 2:10-cr-00109-JD-APR  document 1615  filed 07/26/21  page 36 of 71

Case 2:10-cr-00109-JD-APR  Document 230 (Court only)  Filed 11/16/11  Page 20 of 46

member had a wager on who would be the first to successfully carry out **ALEXANDER VARGAS'** order to kill a Latin Dragon leader in retaliation for the death of Jose Vargas.

      vv.        On or about January 18, 2007, a LATIN KING member murdered Isaiah Cintron, whom the LATIN KING members believed to be a Latin Counts gang member, in Whiting, Indiana.

      ww.        On or about February 21, 2007, **ALEXANDER VARGAS, IVAN QUIROZ** and other LATIN KING members met, discussed, and planned the ambushing of leaders of the Latin Dragons gang.

      xx.        On or about February 24, 2007, **IVAN QUIRO**, and other LATIN KING members traveled from Illinois to Griffith, Indiana, armed with firearms to ambush leaders of the Latin Dragons gang.

      yy.        On or about February 24, 2007, **IVAN QUIROZ** and other LATIN KING members traveled from Griffith, Indiana to Lansing, Illinois and gave **DAVID LIRA** firearms to hold for later use in the intended ambush of the Latin Dragons gang leaders.

      zz.        On or about February 25, 2007, **IVAN QUIROZ, JASON ORTIZ, BRANDON CLAY** and two other LATIN KING members traveled to Lansing, Illinois to meet with **DAVID LIRA** and receive back the firearms that were left with **LIRA** the previous evening.

      aaa.        On or about February 25, 2007, **IVAN QUIROZ, JASON ORTIZ, BRANDON CLAY** and two other LATIN KING members, traveled from Lansing, Illinois to Griffith, Indiana to ambush leaders of the Latin Dragons gang.

      bbb.        On or about February 25, 2007, **ALEXANDER VARGAS, IVAN QUIROZ, JASON ORTIZ, BRANDON CLAY** and two other LATIN KING members caused

20

. Case 2:10-cr-00109-JD-APR  Document 230 (Court only)  Filed 11/16/11  Page 21 of 46

James Walsh and Gonzalo Diaz, known leaders of the Latin Dragons gang, to be shot and killed outside of the Sopranos Lounge in Griffith, Indiana.

      ccc.      On or about February 25, 2007, **ALEXANDER VARGAS, IVAN QUIROZ**, and a LATIN KING member and an associate fled Northwest Indiana for the United States' border with Mexico, where **QUIROZ** entered into Mexico.

      ddd.      On or about February 26, 2007, **JASON ORTIZ** conveyed to other LATIN KING members that the police were looking for another LATIN KING member, in connection with the Sopranos Lounge double homicide on February 25, 2007.

      eee.      On or about March 4, 2007, **JASON ORTIZ** met with LATIN KING hierarchy and obtained a "green light" (kill on sight) on another LATIN KING member due to concerns that he was cooperating with law enforcement regarding the Sopranos Lounge double homicide.

      fff.      On or about March 4, 2007, **JASON ORTIZ** placed a telephone call to **BRANDON CLAY** and conveyed that LATIN KING leadership ordered a "green light" on another LATIN KING member.

      ggg.      On or about March 17, 2007, a LATIN KING member possessed a firearm.

      hhh.      On or about April 2, 2007, **IVAN QUIROZ, DAVID LIRA,** another LATIN KING member and two associates traveled from Mexico to the Chicago, Illinois, area.

      iii.      On April 19, 2007, a LATIN KING member murdered Sylvester Jackson, whom the LATIN KING member believed to be a member of the Latin Dragons, in Chicago, Illinois.

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 38 of 71 PageID #:39
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 38 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 22 of 46

jjj.     On or about May 18, 2007, **BRANDON CLAY** informed **JASON ORTIZ** that they enhanced their status within the LATIN KINGS due to their participation in the Sopranos Lounge double homicide. **CLAY** told **ORTIZ** "you and me got ugly clout now."

kkk.     On or about July 25, 2007, LATIN KING members murdered Guadalupe Ramirez and shot another person, both of whom the LATIN KING members believed to be rival gang members, in Chicago, Illinois.

lll.     On or about August 6, 2007, **JASON ORTIZ** asked **BRANDON CLAY** why he was associating with a particular LATIN KING member.

mmm.     On or about August 6, 2007, **BRANDON CLAY** informed **JASON ORTIZ** that the LATIN KING Hierarchy reorganized and selected **CLAY** and another LATIN KING member for increased positions of Chapter leadership.

nnn.     On or about October 24, 2007, **DAVID LIRA** together with another LATIN KING member yelled, "King got this!"

ooo.     On or about December 27, 2007, **ALEXANDER VARGAS, PAULINO SALAZAR,** and another LATIN KING member flashed LATIN KING gang signs at passing traffic.

ppp.     On or about February 16, 2008, **DAVID LIRA** and two other LATIN KING members flashed LATIN KING gang signs to others in the area.

qqq.     On or about February 23, 2008, **BRANDON CLAY** possessed a firearm.

rrr.     On or about May 6, 2008, **MARTIN ANAYA** and other LATIN KING members  flashed gang signs and threw bottles at passing motorists.

22

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 39 of 71 PageID #:40
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 39 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)    Filed 11/16/11   Page 23 of 46

sss.　　　　On May 25, 2008, **SERGIO ROBLES, EMILIANO ESPARZA,**

**PAULINO SALAZAR, GABRIEL JALOMOS** and **OSCAR GONZALEZ** caused Jose

Cortez and another person, both of whom the LATIN KING members believed to be Latin

Dragons gang members, to be shot in East Chicago, Indiana, killing Cortez.

ttt.　　　　In or about June of 2008, **VICTOR MEZA, JR.,** stored in his

residence the weapon used to kill Jose Cortez on May 25, 2008.

uuu.　　　　On or about November 7, 2008, **JASON ORTIZ** and other

members of the LATIN KINGS flashed gang signs and intimidated passing motorists.

vvv.　　　　In or about February 2009, **EMILIANO ESPARZA** directed

**SANTIAGO GUDINO, GABRIEL JALOMOS,** and **ANTONIO GUDINO** to take another .

LATIN KING member from his residence to "violate" him. After the LATIN KING member

refused to accompany them, the LATIN KING leadership subsequently issued a "KOS" on this

LATIN KING member.

www.　　　　On or about February 20, 2009, LATIN KING members murdered

a thirteen-year-old juvenile, a fifteen-year-old juvenile, and Kendrick Pitts, whom the LATIN

KING members believed to be rival gang members, in Chicago, Illinois.

xxx.　　　　On or about March 6, 2009, LATIN KING members murdered

Carnell Pitts, whom the LATIN KING members believed to be a rival gang member, in Chicago,

Illinois.

yyy.　　　　On or about May 4, 2009, the Texas State LATIN KING

Representative ███████████████████████████ ████████ appointed by SISTO

BERNAL, directed four other LATIN KING members or associates to conduct a drive-by

shooting in Big Spring, Texas. The shooting occurred in front of the residence of rivals during a

23

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 24 of 46

party in which several persons were present, resulting in five persons shot, two of whom were killed, including a pregnant woman.

zzz.       On or about April 22, 2009, **JASON ORTIZ, BRANDON CLAY, MARTIN ANAYA,** and another LATIN KING member caused Christina Campos, whom the LATIN KING members believed to be a member of the Lady Counts, to be shot and killed in Chicago, Illinois.

aaaa.       On or about July, 6, 2009, **JASON ORTIZ** and associates of the LATIN KINGS were occupants in a vehicle in which at least one of the occupants discharged a firearm at another person.

bbbb.       On or about August 17, 2009, LATIN KING members murdered Carlton Ewing, whom the LATIN KING members believed to be a rival gang member, in Chicago, Illinois.

cccc.       On or about September 21, 2009, **BRANDON CLAY** and another LATIN KING member flashed gang signs and refused to obey police orders to disperse.

dddd.       ███████████████████████████████████

██████████████████████████████████████████████

eeee.       ██████████████████████████████████

██████████████████████████████████████████████

ffff.       On or about March 18, 2010, **VICTOR MEZA, JR.** possessed approximately 100 pounds of marijuana.

gggg.       On or about June 27, 2010, **BRANDON CLAY, DAVID LIRA** and another LATIN KING member flashed LATIN KING gang signs to others in the area.

**Notice of Enhanced Sentencing**

24

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 41 of 71 PageID #:42
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 41 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 25 of 46

8.     From in or about 1989, and continuing through on or about the date of the return
of this Third Superseding Indictment, in the Northern District of Indiana and elsewhere,
**ALEXANDER VARGAS, SISTO BERNAL, JASON ORTIZ, BRANDON CLAY,**
**MARTIN ANAYA,  IVAN QUIROZ, HILUTERIO CHAVEZ** ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮ **SERGIO ROBLES, EMILIANO ESPARZA, PAULINO SALAZAR, SANTIAGO**
**GUDINO, GABRIEL JALOMOS, OSCAR GONZALEZ, DAVID LIRA, VICTOR MEZA,**
**JR., ANTONIO GUDINO,  ALEX GUERRERO,** and **ANTONIO C. MARTINEZ, JR.**
conspired to distribute and possess with the intent to distribute in excess of five kilograms of
cocaine and a thousand kilograms of marijuana, in violation of 21 United States Code Sections
846.

9.     On or about July 12, 2003, in the Northern District of Indiana and elsewhere,
**SANTIAGO GUDINO** and **SERGIO ROBLES**, without lawful justification and with intent to
kill, did kill Mark Balnius in violation of Illinois Statute Chapter 720 Section 5/9-1.  In addition,
**GUDINO** and **ROBLES**  committed the murder pursuant to an understanding by which they
were to receive something of value in return for committing the murder and that the murder was
committed in a cold, calculated and premeditated manner pursuant to a preconceived plan,
scheme or design to take a human life by unlawful means, and the conduct of the defendant
created a reasonable expectation that the death of a human being would result there from, in
violations of Illinois Statute Chapter 720 Section 5/9-1(b)(5) & (11).

10.     On or about December 6, 2003, in the Northern District of Indiana and elsewhere,
**SISTO BERNAL, SANTIAGO GUDINO, SERGIO ROBLES,** and **GABRIEL JALOMOS,**
knowingly and intentionally killed Jonathan Zimmerman in violation of Indiana Code Sections
35-41-2-4, and 35-42-1-1.

· Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 26 of 46

11.     On or about November 26, 2006, in the Northern District of Indiana and elsewhere, **BRANDON CLAY**, without lawful justification and with intent to kill, did kill Edward Delatorre in violation of Illinois Statute Chapter 720 Section 5/9-1. In addition, **CLAY** committed the murder pursuant to an understanding by which he was to receive something of value in return for committing the murder and that the murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme or design to take a human life by unlawful means, and the conduct of the defendant created a reasonable expectation that the death of a human being would result there from, in violations of Illinois Statute Chapter 720 Section 5/9-1(b)(5) & (11).

12.     On or about February 25, 2007, in the Northern District of Indiana and elsewhere, **ALEXANDER VARGAS, JASON ORTIZ, BRANDON CLAY,** and **IVAN QUIROZ,** knowingly and intentionally killed James Walsh, in violation of Indiana Code Sections 35-41-2-4, and 35-42-1-1.

13.     On or about February 25, 2007, in the Northern District of Indiana and elsewhere, **ALEXANDER VARGAS, JASON ORTIZ, BRANDON CLAY,** and **IVAN QUIROZ,** knowingly and intentionally killed Gonzalo Diaz, in violation of Indiana Code Sections 35-41-2-4 and 35-42-1-1.

14.     On May 25, 2008, in the Northern District of Indiana and elsewhere, **SERGIO ROBLES, EMILIANO ESPARZA, PAULINO SALAZAR, GABRIEL JALOMOS** and **OSCAR GONZALEZ,** knowingly and intentionally killed Jose Cortez in violation of Indiana Code Sections 35-41-2-4, and 35-42-1-1.

15.     On or about April 22, 2009, in the Northern District of Indiana and elsewhere, **JASON ORTIZ, BRANDON CLAY** and **MARTIN ANAYA** knowingly without lawful

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 43 of 71 PageID #:44
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 43 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 27 of 46

justification and with intent to kill, did kill Christina Campos in violation of Illinois Statute Chapter 720 Section 5/9-1. In addition, **ORTIZ, CLAY** and **ANAYA** committed the murder pursuant to an understanding by which they were to receive something of value in return for committing the murder, in violation of Illinois Statute Chapter 720 Section 5/9-1(b)(5).

All in violation of Title 18, United States Code, Section 1962(d).

27

## COUNT TWO

### (Conspiracy to Possess with Intent to Distribute and Distribute Cocaine and Marijuana)

The Grand Jury further charges:

16.  On Beginning on a date unknown to the Grand Jury, but at least as of in or about

1989, and continuing through on or about the date of the return of this Third Superseding

Indictment, in the Northern District of Indiana and elsewhere, the defendants,

**ALEXANDER VARGAS**
a/k/a "Pacman,"
**SISTO BERNAL,**
a/k/a "Cisco," "Suge,"
**JASON ORTIZ,**
a/k/a "Creeper,"
**BRANDON CLAY,**
a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"
**MARTIN ANAYA**
a/k/a "Lefty,"
**IVAN QUIROZ,**
a/k/a "Captain Kirk,"
**HILUTERIO CHAVEZ,**
a/k/a "Tails," "Zeus,"

██████████

**SERGIO ROBLES,**
a/k/a "Checko,"
**EMILIANO ESPARZA,**
a/k/a "Ken Milleano," "Kent," "Double G,"
**PAULINO SALAZAR,**
a/k/a "Chino,"
**SANTIAGO GUDINO,**
a/k/a "Creeper,"
**GABRIEL JALOMOS,**
a/k/a "Sneaky,"
**OSCAR GONZALEZ,**
a/k/a "Puppet,"
**DAVID LIRA,**
a/k/a "Flaco,"
**VICTOR MEZA, JR.,**
a/k/a "Shadow,"
**ANTONIO GUDINO,**
a/k/a "Chronic,"

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 45 of 71 PageID #:46
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 45 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 29 of 46

**ALEX GUERRERO, and**
**ANTONIO C. MARTINEZ, JR.,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and

with other persons, both known and unknown to the Grand Jury, to possess with the intent to

distribute and distribute five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance and one thousand (1000)

kilograms or more of mixture and substance containing a detectable amount of marijuana, a

Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 846 .

29

## COUNT THREE

### (Conspiracy to Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

17.     At all times relevant to this Third Superseding Indictment, LATIN KINGS, as more fully described in Paragraphs One through Four of this Third Superseding Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely LATIN KINGS, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

18.     At all times relevant to this Third Superseding Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846, murders and robberies in violation of Illinois Criminal Statute and Indiana Criminal Code and acts indictable under Title 18, United States Code, Section 1951 (robbery affecting interstate commerce) and Section 1952 (interstate travel in aid of racketeering).

19.     On or about November 26, 2006, in the Northern District of Indiana, and elsewhere, the defendants,

**BRANDON CLAY,**
a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"
**BIANCA FERNANDEZ, and**
**SERINA ARAMBULA,**

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 47 of 71 PageID #:48
USDC IN/ND case 2:10-cr-00109-JD-APR document 1615 filed 07/26/21 page 47 of 71

Case 2:10-cr-00109-JD-APR Document 230 (Court only) Filed 11/16/11 Page 31 of 46

along with others known and unknown to the Grand Jury, for the purpose of maintaining and

increasing position in LATIN KINGS, an enterprise engaged in racketeering activity, did

intentionally and knowingly conspire to murder Edward Delatorre and another person in

violation of violation of Illinois Statute Chapter 720 Section 5/9-1.

    All in violation of Title 18, United States Code, Section 1959(a)(5) and 2.

· Case· 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 32 of 46

## COUNT FOUR

### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

20.     Paragraphs Seventeen and Eighteen of this Third Superseding Indictment are re-

alleged and incorporated by reference as though set forth fully herein.

21.     On or about November 26, 2006, in the Northern District of Indiana, and

elsewhere, the defendant,

**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**

along with others known and unknown to the Grand Jury, for the purpose of maintaining and

increasing position in LATIN KINGS, an enterprise engaged in racketeering activity, murdered

Edward Delatorre in violation of violation of Illinois Statute Chapter 720 Section 5/9-1.

All in violation of Title 18, United States Code, Section 1959(a)(1) and 2.

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 49 of 71 PageID #:50
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 49 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 33 of 46

## COUNT FIVE

### (Murder Resulting From the Use and Carrying of Firearm During and in Relation to Crimes of Violence and Drug Trafficking)

The Grand Jury further charges:

22.     On or about November 26, 2006, in the Northern District of Indiana, and elsewhere, the defendant,

**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**

along with others known and unknown to the Grand Jury, did knowingly carry, use, and discharge firearms during and in relation to crimes of violence and drug trafficking, that is, Conspiracy to Commit Racketeering Activity, Conspiracy to Possess with the Intent to Distribute Controlled Substances, Conspiracy to Murder in Aid of Racketeering Activity and Murder in Aid of Racketeering Activity, as set forth in Counts One, Two, Three, and Four, respectively, of this Third Superseding Indictment, which are incorporated here, did cause the death of a person through the use of a firearm, which killing is a murder defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, unlawfully killed a human being, that is, Edward Delatorre, willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924 (c); 924(j) and 2.

33

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 34 of 46

## COUNT SIX

### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

23.     Paragraphs Seventeen and Eighteen of this Third Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein.

24.     On or about February 25, 2007, in the Northern District of Indiana, and elsewhere, the defendants,

**ALEXANDER VARGAS**
**a/k/a "Pacman,"**
**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick," and**
**IVAN QUIROZ,**
**a/k/a "Captain Kirk,"**

together with others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in LATIN KINGS, an enterprise engaged in racketeering activity, murdered James Walsh, a/k/a "Jim Bob," in violation of Indiana Code Sections 35-41-2-4, and 35-42-1-1.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SEVEN

### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

25.     Paragraphs Seventeen and Eighteen of Count Three of this Third Superseding

Indictment are re-alleged and incorporated by reference as though set forth fully herein.

26.     On or about February 25, 2007, in the Northern District of Indiana, and

elsewhere, the defendants,

**ALEXANDER VARGAS**
**a/k/a "Pacman,"**
**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick," and**
**IVAN QUIROZ,**
**a/k/a "Captain Kirk,"**

together with others known and unknown to the Grand Jury, for the purpose of maintaining and

increasing position in LATIN KINGS, an enterprise engaged in racketeering activity, murdered

Gonzalo Diaz, a/k/a "Chalo," in violation of Indiana Code Sections 35-41-2-4, and 35-42-1-1.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT EIGHT

### (Murder Resulting From the Use and Carrying of Firearm During and in Relation to Crimes of Violence and Drug Trafficking)

The Grand Jury further charges:

27.    On or about February 25, 2007, in the Northern District of Indiana, and elsewhere, the defendants,

**ALEXANDER VARGAS**
a/k/a "Pacman,"
**JASON ORTIZ,**
a/k/a "Creeper,"
**BRANDON CLAY,**
a/k/a "Cheddar," "Cheddar Boy," "Slick," and
**IVAN QUIROZ,**
a/k/a "Captain Kirk,"

together with others known and unknown to the Grand Jury, did knowingly carry, use, and discharge firearms during and in relation to crimes of violence and drug trafficking, that is, Conspiracy to Commit Racketeering Activity, Conspiracy to Possess with the Intent to Distribute Controlled Substances, and Murder in Aid of Racketeering Activity, as set forth in Counts One, Two, and Six of this Third Superseding Indictment, which is incorporated here, did cause the death of a person through the use of a firearm, which killing is a murder defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, unlawfully killed a human being, that is, James Walsh, a/k/a "Jim Bob," willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924 (c); 924(j) and Section 2.

36

## COUNT NINE

### (Murder Resulting From the Use and Carrying of Firearm During and in Relation to Crimes of Violence and Drug Trafficking)

The Grand Jury further charges:

28.     On or about February 25, 2007, in the Northern District of Indiana, and elsewhere, the defendants,

**ALEXANDER VARGAS**
**a/k/a "Pacman,"**
**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick," and**
**IVAN QUIROZ,**
**a/k/a "Captain Kirk,"**

together with others known and unknown to the Grand Jury, did knowingly carry, use, and discharge firearms during and in relation to crimes of violence and drug trafficking, that is, Conspiracy to Commit Racketeering Activity, Conspiracy to Possess with the Intent to Distribute Controlled Substances, and Murder in Aid of Racketeering Activity, as set forth in Counts One, Two, and Seven, respectively, of this Third Superseding Indictment, which are incorporated here, did cause the death of a person through the use of a firearm, which killing is a murder defined in 18 U.S.C. § 1111, in that the defendant, with malice aforethought, unlawfully killed a human being, that is, Gonzalo Diaz, a/k/a "Chalo," willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924(c); 924(j) and 2.

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 38 of 46

## COUNT TEN

### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

29.     Paragraphs Seventeen and Eighteen of this Third Superseding Indictment are re-

alleged and incorporated by reference as though set forth fully herein.

30.     On or about April 22, 2009, in the Northern District of Indiana, and elsewhere, the

defendants,

**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**
**MARTIN ANAYA**
**a/k/a "Lefty,"**

together with others known and unknown to the Grand Jury, for the purpose of maintaining and

increasing position in LATIN KINGS, an enterprise engaged in racketeering activity, murdered

Christina Campos in violation of Illinois Statute Chapter 720 Section 5/9-1.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

38

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 39 of 46

## COUNT ELEVEN

### (Murder Resulting From the Use and Carrying of Firearm During and in Relation to Crimes of Violence and Drug Trafficking)

The Grand Jury further charges:

31.     On or about April 22, 2009, in the Northern District of Indiana, and elsewhere, the defendants,

**JASON ORTIZ,**
**a/k/a "Creeper,"**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick," and**
**MARTIN ANAYA**
**a/k/a "Lefty,"**

along with others known and unknown to the Grand Jury, did knowingly carry, use, and

discharge firearms during and in relation to crimes of violence and drug trafficking, that is,

Conspiracy to Commit Racketeering Activity, Conspiracy to Possess with the Intent to Distribute

Controlled Substances, and Murder in Aid of Racketeering Activity, as set forth in Counts One,

Two, and Ten, respectively, of this Third Superseding Indictment, which is incorporated here,

did cause the death of a person through the use of a firearm, which killing is a murder defined in

18 U.S.C. § 1111, in that the defendant, with malice aforethought, unlawfully killed a human

being, that is, Christina Campos, willfully, deliberately, and maliciously.

All in violation of Title 18, United States Code, Sections 924(c); 924(j) and 2.

39

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 40 of 46

## COUNT TWELVE

### (Convicted Felon in Possession of Firearms)

The Grand Jury further charges:

32.     On or about February 25, 2007, in the Northern District of Indiana, and elsewhere, the defendants,

**JASON ORTIZ,**
**a/k/a "Creeper," and**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**

who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate and foreign commerce firearms, that is:  1) a Norinco, Mak-90 Sporter, 7.62x39 caliber semi-auto rifle, serial number 60281; 2) a Smith & Wesson, Sigma, 9mm. caliber semi-auto pistol, serial number PAC4012; and 3) a Ruger, P89, 9 mm. caliber semi-auto pistol, serial number 314-56431.

All in violation of Title 18, United States Code, Sections 922(g)(1); 924(a)(2) and 2.

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 41 of 46

## COUNT THIRTEEN

### (Possession of Stolen Firearms)

The Grand Jury further charges:

33.     On or about February 25, 2007, in the Northern District of Indiana, and elsewhere the defendants,

**JASON ORTIZ,**
**a/k/a "Creeper," and**
**BRANDON CLAY,**
**a/k/a "Cheddar," "Cheddar Boy," "Swiss," "Slick,"**

did knowingly possess stolen firearms which had been shipped and transported in interstate and foreign commerce, before said firearm was stolen, that is: 1) a Norinco, Mak-90 Sporter, 7.62x39 caliber semi-auto rifle, serial number 60281; and 2) Ruger, P89, 9 mm caliber semi-auto pistol, serial number 314-56431, defendants knowing and having reasonable cause to believe that said firearms were stolen.

All in violation of Title 18, United States Code, Sections 922(j); 924(a)(2) and 2.

41

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 58 of 71 PageID #:59
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 58 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 42 of 46

## COUNT FOURTEEN

### (Interference with Commerce by Threats or Violence)

The Grand Jury further charges:

34.     In or about December 2006, in the Northern District of Indiana, and elsewhere the defendants,

**SISTO BERNAL,**
**a/k/a "Cisco," "Suge,"**
**ALEX GUERRERO, and**
**ANTONIO C. MARTINEZ, Jr.,**

did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants **SISTO BERNAL, ALEX GUERRERO** and **ANTONIO C. MARTINEZ,** did unlawfully take and obtain personal property consisting of firearms and/or marijuana and/or cocaine and/or United States currency from James Walsh a/k/a "Jim Bob," and others  against their will by means of actual and threatened force, violence and fear of injury, immediate and future, to their person, that is, detaining others and handcuffing Walsh and searching his home located in Hammond, Indiana, and taking firearms and/or marijuana and/or cocaine and/or United States currency while armed with a firearm and wearing Chicago Police Department badges and under the guise of a legitimate police investigation.

All in violation of Title 18, United States Code, Section 1951, and Title 18, United States Code, Section 2.

42

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 43 of 46

## COUNT FIFTEEN

### (Use and Carrying of Firearm During and in Relation to Crimes of Violence and Drug Trafficking)

The Grand Jury further charges:

35.     In or about December 5, 2006, to on or about December 24, 2006, in the Northern District of Indiana, and elsewhere the defendants,

**ALEX GUERRERO and
ANTONIO C. MARTINEZ, Jr.,**

defendants herein, did knowingly carry, and use firearms during and in relation to crimes of violence and drug trafficking, that is, Conspiracy to Commit Racketeering Activity, Conspiracy to Possess with the Intent to Distribute Controlled Substances, and Interference with Commerce by Threats or Violence, as set forth in Counts One, Two, Fourteen, respectively, of this Third Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

43

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 60 of 71 PageID #:61
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 60 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 44 of 46

## CRIMINAL FORFEITURE ALLEGATIONS

36.     The allegations contained in Count One of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant Title 18, United States Code, Section 1963.

37.     Pursuant to Title 18, United States Code, Section 1963, upon conviction of Count One of this Third Superseding Indictment, the defendants named in Count One shall forfeit to the United States of America:

a.      any interest acquired or maintained in violation of section 1962;

b.      any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

c.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 1962 (or a sum of money representing the total amount of gross proceeds obtained as a result of the racketeering activity, for which the defendants are jointly and severally liable).

38.     If any of the property described above, as a result of any act or omission of one or more of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m).

44

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 61 of 71 PageID #:62
USDC IN/ND case 2:10-cr-00109-JD-APR document 1615 filed 07/26/21 page 61 of 71

Case 2:10-cr-00109-JD-APR Document 230 (Court only) Filed 11/16/11 Page 45 of 46

39.     The allegations contained in Count Two of this Third Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

40.     Pursuant to Title 21, United States Code, Section 853, upon conviction of Count Two of this Third Superseding Indictment, the defendants named in Count Two shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses (or a sum of money representing the total amount of proceeds obtained as a result of the drug trafficking activity, for which the defendants are jointly and severally liable) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

41.     If any of the property described above in paragraph 40, as a result of any act or omission of one or more of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

/s/ Foreperson _____
FOREPERSON

45

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 62 of 71 PageID #:63
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 62 of 71

Case 2:10-cr-00109-JD-APR   Document 230 (Court only)   Filed 11/16/11   Page 46 of 46

DAVID CAPP
UNITED STATES ATTORNEY

LANNY BREUER
ASSISTANT ATTORNEY GENERAL

By:    /s/ David J. Nozick
       David J. Nozick
       Assistant United States Attorney

By    /s/ Joseph A. Cooley
      Joseph A. Cooley
      Trial Attorney
      United States Department of Justice
      Criminal Division, Organized Crime and
      Gang Section

46

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 63 of 71 PageID #:64
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 63 of 71

Case 2:10-cr-00109-JD-APR   Document 940   Filed 05/28/13   Page 1 of 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

**UNITED STATES OF AMERICA**
          **Plaintiff**
**v.**                                          **Case Number 1**

                                          **USM Number 11909-027**
**ANTONIO C MARTINEZ JR**
              **Defendant**

                                          **MARK A PSIMOS**
                                          **Defendant's Attorney**

---

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to Counts 1, 2, 14 and 15 of the Third Superseding Indictment on 12/2/2011.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:1962(d) - Conspiracy to Participate in Racketeering Activity | December 2011 | 1 |
| 21:846 - Conspiracy to Possess with Intent to Distribute five kilograms or more of Cocaine and 1,000 kilograms or more of Marijuana | December 2011 | 2 |
| 18:1951 - Interference with Commerce by Threats or Violence | December 2011 | 14 |
| 18:924(c)(1)(A) - Use of Firearm in Furtherance of Crimes of Violence and Drug Trafficking | December 2011 | 15 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

May 23, 2013
_____
Date of Imposition of Judgment

/s/ Rudy Lozano
_____
Signature of Judge

Rudy Lozano, United States District Judge
_____
Name and Title of Judge

May 28, 2013
_____
Date

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 64 of 71 PageID #:65
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 64 of 71

Case 2:10-cr-00109-JD-APR   Document 940   Filed 05/28/13   Page 2 of 6

Defendant: ANTONIO C MARTINEZ JR                                              Page 2 of 6
Case Number: 1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **144 months**.

This consists of a term of imprisonment of 84 months for each of Counts 1, 2 and 14, to be served concurrently; and a term of 60 months for Count 15, to be served consecutively to all other counts.

The Court makes the following recommendations to the Bureau of Prisons:
That the defendant be given credit for time served.
That the defendant be incarcerated in a federal facility as close to **Chicagoland area** as possible.
That the defendant be allowed to participate in academic and educational opportunities while incarcerated.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

110

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 65 of 71 PageID #:66
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 65 of 71

Case 2:10-cr-00109-JD-APR   Document 940   Filed 05/28/13   Page 3 of 6

Defendant: ANTONIO C MARTINEZ JR                                                      Page 3 of 6
Case Number: 1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term
of **5 years.**

      This term of supervision consists of five years for each of Counts 1, 2 and 15; and 3 years
for Count 14, all to be served concurrently.

The defendant shall report in person to the probation office in the district to which the defendant is
released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain
from any unlawful use of a controlled substance.

The defendant shall submit to one drug/alcohol test within 15 days of release from imprisonment
and up to four (4) periodic drug/alcohol tests per month thereafter, as determined by the probation
officer.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous
weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the
defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall perform 20 hours of community service per week for the first 2 years while on
supervision, with special recommendation to perform service related to educating the public on
gangs and/or law enforcement, or as directed by the probation officer.

111

Defendant: ANTONIO C MARTINEZ JR                                                                Page 4 of 6
Case Number: 1

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2. The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 67 of 71 PageID #:68
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 67 of 71

Case 2:10-cr-00109-JD-APR   Document 940   Filed 05/28/13   Page 5 of 6

Defendant: ANTONIO C MARTINEZ JR                                                          Page 5 of 6
Case Number: 1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320.  The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

Defendant: ANTONIO C MARTINEZ JR                                           Page 6 of 6
Case Number: 1

Name:     ANTONIO C MARTINEZ JR

Docket No.:     1

### ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                              Date


_____          _____
U.S. Probation Officer/Designated Witness              Date

114

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:10-CR-109 |
| | ) | |
| ANTONIO C. MARTINEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(C)(2)

Upon the motion of the Defendant 18 U.S.C. § 3582(c)(2), as a result of Amendment 782 to the United States Sentencing Guidelines, made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 944(u); and having considered the existing record, and the Government's response agreeing with the Court's proposed sentence (DE #1217), and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, **IT IS ORDERED** that the Defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 84 months for each of Counts 1, 2 and 14, to be served concurrently, and 60 months for Count 15, to be served consecutively to all other counts **is reduced to 60 months on Counts 1, 2 and 14, to be served concurrently, and 60 months on Count 15, to be served consecutively to all other counts. If the amount of time the Defendant has served as of November 1, 2015, exceeds the reduced sentence stated in this**

115

**Order, the sentence is reduced to a "Time Served" sentence as of November 1, 2015.**

In the event that Defendant is eligible for release within ten days of the date of this order, the Bureau of Prisons is directed to release Defendant as close to his scheduled release date as reasonably possible, but not later than ten days after the date of this order.  This will enable to Bureau of Prisons to satisfy any of its duties including: (1) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (2) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. §§ 4042(b) and (c); and (3) to permit adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135(a).

**I.  COURT DETERMINATION OF GUIDELINE RANGE** (Prior to any departures)

| | |
|---|---|
| Previous Offense Level:  43 | Amended Offense Level: 41 |
| Criminal History Category: I | Criminal History Category: I |
| Previous Guideline Range: life | Amended Guideline Range: 324-405 mo. |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

The previous term of imprisonment imposed was less than the guideline range applicable to the Defendant at the time of sentencing as a result of a departure, and the reduced sentence is comparably less than the amended guideline range.

**III.  ADDITIONAL COMMENTS**

The original sentencing guideline range was life imprisonment (plus 60 months on Count 15).  The Defendant received an 84-month term of imprisonment

Case: 1:21-cr-00453 Document #: 2 Filed: 07/26/21 Page 71 of 71 PageID #:72
USDC IN/ND case 2:10-cr-00109-JD-APR   document 1615   filed 07/26/21   page 71 of 71

Case 2:10-cr-00109-JD-APR   Document 1223   Filed 07/14/15   Page 3 of 3

on Counts 1, 2 and 14, to be served concurrently; and a term of 60 months for Count 15, to be served consecutively to all other counts.  This represented a a 10 level downward departure.  Looking only to the sentencing guidelines, the new sentencing guideline range is 324-405 months of imprisonment, plus a 60 month term or imprisonment on Count 15.  The Court finds that a sentence of 60 months on Counts 1, 2 and 14, to be served concurrently; and a term of 60 months for Count 15, to be served consecutively to all other counts, is reasonable and appropriate.  The precise sentence imposed is an equal reduction of the minimum of the updated applicable guideline range.  Moreover, the Court finds that this term of imprisonment is not greater than necessary to reflect the seriousness of the offense. It adequately takes into account the nature and the circumstances of the offense, and the history and characteristics of the Defendant. It also promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to this type of criminal conduct, and protects the public from further crimes of the Defendant.

Except as provided above, all provisions of the judgment dated May 28, 2013, shall remain in effect.

**IT IS SO ORDERED.**

**ORDER DATE:     July 14, 2015**
**EFFECT DATE:    November 1, 2015**          **/s/ RUDY LOZANO, Judge**
                                              **United States District Court**

117